IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**LINDSAY O'BRIEN QUARRIE,**

    **Plaintiff,**

**v.**                                                                   **No. 13-cv-0349 MV/SMV**

**NEW MEXICO INST. OF MINING & TECH.,**
**BHASKAR MAJUMDAR, LORIE LIEBROCK,**
**KENNETH (KEN) MINSCHWANER,**
**SCOTT TEARE, DANIEL LOPEZ, and**
**PETER GERITY,**

    **Defendants.**

## MAGISTRATE JUDGE'S PROPOSED FINDINGS
## AND RECOMMENDED DISPOSITION

THIS MATTER is before me on Plaintiff's Verified Petition for Temporary Injunction [Doc. 10], filed August 5, 2013, and Plaintiff's Motion to Supplement Verified Petition with Additional Information [Doc. 17], filed on August 14, 2013. Defendants have filed no response, and none is needed.[1] The Honorable Martha Vázquez, United States District Judge, referred this matter to me for analysis and recommendation of ultimate disposition. Order of Reference [Doc. 50] (filed November 4, 2013). For the reasons set forth below, I find that both of Plaintiff's motions should be denied.[2]

---

[1] It appears that Defendants were never served with the motions. The notices of electronic filing do not indicate that they were served, likely because they had not yet entered the case. Additionally, the certificate of service attached to Plaintiff's Motion to Supplement indicates service on August 13, 2013, to an attorney who has not appeared in this case. [Doc. 17] at 2.

[2] Plaintiff's Motion to Supplement [Doc. 17] presents material that is duplicative of his original motion [Doc. 10], and includes no changes aside from correction of typographical errors. For the purposes of my analysis, I treat both motions as a single motion for injunctive relief.

Plaintiff moved for preliminary injunctive relief requesting that (1) Defendant New Mexico Institute of Mining and Technology be enjoined "from refusing to re-enroll . . . [P]laintiff in the PhD in Materials Engineering Program," and (2) "other and further relief . . . including award of . . . PhD Diploma in Materials Engineering." [Doc. 17-1] at 3.

To be afforded preliminary injunctive relief in the Tenth Circuit, a movant must generally show: (1) a substantial likelihood of success on the merits, (2) irreparable injury if an injunction is denied, (3) that the threatened injury outweighs any harm to the non-moving party, and that (4) the injunction would not adversely affect the public interest. *Awad v. Ziriax,* 670 F.3d 1111, 1125 (10th Cir. 2012). However, certain requests for preliminary injunctive relief are disfavored, such as those that (1) alter the status quo, (2) mandate action by the defendant, or (3) afford the movant all the relief that it could recover at the conclusion of a full trial on the merits. *O Centro Espirita Beneficiente Uniao do Vegetal v. Ashcroft,* 389 F.3d 973, 975 (10th Cir. 2004) (en banc). Such requests are disfavored for two reasons. First, "each of these types of preliminary injunction is at least partially at odds with the historic purpose of the preliminary injunction—the preservation of the status quo pending a trial on the merits." *Id.* at 978. Second, while "[a]ny injury resulting from a preliminary injunction that merely preserves the status quo is not a judicially inflicted injury," injuries resulting from a disfavored preliminary injunction are those "that would not have occurred but for the court's intervention" and for which "the issuing court bears extra responsibility." *Id.* As a result, requests for a disfavored type of preliminary injunction "must be more closely scrutinized to assure the exigencies of the case support the granting of a remedy that is extraordinary even in the normal course." *Id.* at 975.

Plaintiff's motion for preliminary injunctive relief seeks to mandate action by Defendant New Mexico Institute of Mining and Technology and would afford Plaintiff much of the ultimate relief sought in his Complaint. Accordingly, his motion must be closely scrutinized. Even reading Plaintiff's motion broadly and with the benefit of all favorable inferences,[3] Plaintiff has failed to make the requisite showing for injunctive relief. Plaintiff has averred no exigency, and his motion provides no indication that he will suffer an irreparable injury absent the entry of an injunction. Furthermore, his motion does not demonstrate that there is a substantial certainty that he will prevail on the merits. Accordingly, I recommend denying Petitioner's motion for temporary injunctive relief [Docs. 10, 17].

**IT IS THEREFORE RESPECTFULLY RECOMMENDED** that:

(1) Plaintiff's Verified Petition for Temporary Injunction [Doc. 10] be **DENIED.**

(2) Plaintiff's Motion to Supplement Verified Petition with Additional Information [Doc. 17] be **DENIED as moot.**

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN FOURTEEN DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition, they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). **A party must file any written objections with the Clerk of the District Court within the 14-day period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**

_____
**STEPHAN M. VIDMAR**
**United States Magistrate Judge**

---

[3] Plaintiff is proceeding pro se, and his motion will be "construed liberally." *Hall v. Belmon*, 935 F.3d 1106, 1110 & n.3 (10th Cir. 1991) (noting that the rule in *Haines v. Kerner*, 519 U.S. 519 (1972), "applies to all proceedings involving a pro se litigant"). However, it is not "the proper function of the district court to assume the role of advocate for the pro se litigant." *Id.*