# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

**LINDSAY O'BRIEN QUARRIE,**

    **Plaintiff,**

**v.**                                                                                  **No. 13-cv-0349 MV/SMV**

**NEW MEXICO INST. OF MINING & TECH.,**
**BHASKAR MAJUMDAR, LORIE LIEBROCK,**
**KENNETH (KEN) MINSCHWANER,**
**SCOTT TEARE, DANIEL LOPEZ, and**
**PETER GERITY,**

    **Defendants.**

## ORDER GRANTING MOTION FOR PROTECTIVE ORDER
## AND QUASHING NOTICE OF DEPOSITION OF PETER GERITY

THIS MATTER is before the Court on Defendants' Motion for Protective Order and Motion to Quash Notice of Deposition [Doc. 68], filed on December 10, 2013. Plaintiff responded on the same day. [Doc. 70]. Defendants have not yet replied, and none is needed. Having considered the briefing, the record, and the relevant law, the Court finds that the Motion is well-taken and should be granted.

On December 4, 2013, Plaintiff, who is proceeding pro se, provided a notice for the deposition of Defendant Gerity, to be conducted by video recording on December 13, 2013. [Doc. 68-1] at 1. Plaintiff intended to operate the video recorder himself "in the presence of the officer of the court." [Doc. 70] at 1–2; [Doc. 68-2] at 1. Plaintiff's notice of deposition also indicates that the deposition commences at 8:30 a.m. and continues until finished, "not to exceed 7 hours." [Doc. 68-1] at 1. Defendants object to Plaintiff's operating the video recorder himself and to the proposed length of the deposition. [Doc. 68] at 2–3. Plaintiff responds that he himself

will "initiate [the video recording] in the presence of the officer of the court," who will administer the oath to Defendant Gerity. [Doc. 70] at 1–2. Plaintiff further responds that he expects that the deposition will last four hours and that the parties agreed to eight hours in the Joint Status Report ("JSR"). *Id.*

First, Plaintiff himself may not operate the recording equipment during any deposition in this case, including that of Defendant Gerity. *See* Fed. R. Civ. P. 28(c). Accordingly, this Order will protect Defendant Gerity from being deposed on December 13, 2013.

Second, the JSR [Doc. 32], which has been adopted by the Court [Doc. 48], limits depositions, other than Plaintiff's own deposition, to four hours, unless the parties agree otherwise. [Doc. 32] at 11. Defendants do not agree to extending the time for Defendant Gerity's deposition beyond four hours, and they are not required to do so. Accordingly, the Motion for Protective Order will be granted, and Defendant Gerity's deposition, if taken, will be limited to four hours, unless the parties agree otherwise.

Finally, if any depositions are taken in this case, the following safeguards shall be complied with.

> Unless otherwise agreed by the parties, a deposition must be conducted before an officer appointed or designated under Fed. R. Civ. P. 28 and must begin with a statement on the record by the officer that includes (1) the officer's name and business address; (2) the date, time, and place of the deposition; (3) the name of the deponent; (4) the administration of the oath or affirmation to the deponent; and (5) an identification of all persons present.
>
> The officer before whom the deposition is to be taken must personally, or by someone acting under the officer's direction and in the officer's presence, record the testimony of the witness.

The testimony may be taken stenographically or recorded by any other authorized method. If the deposition is recorded other than stenographically, the officer must repeat the officer's name and business address, the date, time, and place of the deposition, and the name of the deponent at the beginning of each unit of recorded tape or other recording medium. The appearance or demeanor of deponents or attorneys may not be distorted through camera or sound-recording techniques.

At the end of the deposition, the officer must state on the record that the deposition is complete and must set forth any stipulations made by counsel concerning the custody of the transcript or recording and the exhibits or concerning other pertinent matters.

The following are guidelines for the taking of a deposition by means of an audio or audiovisual recording to assure its accuracy:

• The quality of equipment should be very high, at least as high as that provided by a court reporter, so as to be reliable and capable of producing clear recordings and an accurate and trustworthy record.

• An independent third party, such as a federal district court reporter or an officer authorized to take depositions in New Mexico, must run the recording equipment. The operator should swear-in the witnesses. The operator should certify the correctness and completeness of the recording in the same manner that a stenographic reporter certifies the typed record of a deposition.

• The equipment should include individual microphones for each participant in the deposition and a microphone mixer which compensates for the different speaking levels of the participants.

• The equipment should be capable of producing a number of duplicate-original recordings sufficient to provide one duplicate original for each party to the deposition.

• A neutral party should (1) label one of the recordings "work copy" and one of the tape recordings "reference copy," (2) review each tape recording to assure that it is an accurate recordation of the entire deposition, (3) keep the reference copy for the purpose of preparing a written transcription, and (4) make the work copy available to counsel upon request.

• An additional recording machine, operating in tandem with the others, should be provided with a separate record and playback reader that can be operated simultaneously to monitor off the tape in order to assure that a recording is being made and to allow for repetition of the immediately preceding record for the convenience of the attorneys in posing questions.

• A detailed log/index of the proceedings should be made, including the subject matter being discussed, the exhibits, the attorneys, and the witness.

• Participants, for the sake of clarity, should (1) identify themselves; (2) speak one at a time; and (3) at the end of the deposition, state the date and time and say "this is the end of the deposition."

The Court requests that defense counsel provide to Plaintiff the names and contact information for at least three court reporters who are capable of providing the services described above.

**IT IS ORDERED, ADJUDGED, AND DECREED** that Defendants' Motion for Protective Order and Motion to Quash Notice of Deposition [Doc. 68] is **GRANTED**. The Notice of Deposition for Defendant Gerity on December 13, 2013, is **QUASHED**.

**IT IS FURTHER ORDERED** that Defendant Gerity should not be deposed for more than four hours, unless the parties agree otherwise.

**IT IS SO ORDERED.**

_____
**STEPHAN M. VIDMAR**
**United States Magistrate Judge**