IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

LINDSAY O'BRIEN QUARRIE,

    Plaintiff,

v.                                                        No. 13-cv-0349 MV/SMV

NEW MEXICO INST. OF MINING & TECH., et al.,

    Defendants.

**MAGISTRATE JUDGE'S PROPOSED FINDINGS
AND RECOMMENDED DISPOSITION
TO GRANT IN PART AND DENY IN PART
DEFENDANTS' MOTION TO DISMISS CLAIMS UNDER THE CIVIL RIGHTS ACT**

THIS MATTER is before me on Defendants' Motion to Dismiss Claim[s] Under the Civil Rights Act . . . [Doc. 51] ("Motion"), filed on November 11, 2013. Plaintiff filed his response [Doc. 52] on November 14, 2013. Defendants filed their reply on November 26, 2013. [Doc. 60]. Oral argument was heard on January 31, 2014. [Doc. 90]. The Honorable Martha Vázquez, United States District Judge, referred this matter to me for analysis and recommendation of ultimate disposition. Order of Reference [Doc. 50]. Having considered the briefing, oral argument, and relevant law, and being fully advised in the premises, I find that Defendants' Motion is well-taken in part, and recommend that it be **GRANTED in part and DENIED in part**.

Defendants argue that Plaintiff's claims under Title III and Title VI of the Civil Rights Act of 1964 should be dismissed under Fed. R. Civ. P. 12(b)(6) for failing to state a claim upon which relief can be granted. Defendants argue that there is no private right of action under Title III. [Doc. 51] at 3, 5–6. Defendants also argue that Plaintiff has failed to state a Title VI

claim because he "has failed to allege that a similarly situated non-minority student was treated differently 'for the same or similar conduct.'" *Id.* at 9.  Plaintiff responds that he is entitled to redress on his Title III claim.  [Doc. 52] at 3.  He also argues that his amended complaint alleges that Jonathan Brown was a similarly situated non-minority student who received substantially different treatment, and therefore, his complaint states a Title VI claim.  [Doc. 52] at 4.  I agree with Defendants on Plaintiff's Title III claim, but not on the Title VI claim.  Accordingly, I recommend that Defendants' Motion be granted with respect to the Title III claim and be denied with respect to the Title VI claim.

## Analysis of Plaintiff's Title III Claim

Plaintiff's Title III claim should be dismissed under Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted.  Title III provides that

> [w]henever the Attorney General receives a complaint in writing signed by an individual to the effect that he is being deprived of or threatened with the loss of his right to the equal protection of the laws . . . by being denied equal utilization of any public facility which is owned, operated, or managed by or on behalf of any State or subdivision thereof, *other than a public school or public college* as defined in section 2000c . . ., and the Attorney General believes the complaint is meritorious and certifies that the signer or signers of such complaint are unable, in his judgment, to initiate and maintain appropriate legal proceedings . . . , *the Attorney General is authorized* to institute for or in the name of the United States a civil action in any appropriate district court . . . .

42 U.S.C. § 2000b(a) (emphases added).  Title III, therefore, only authorizes the Attorney General to bring suit to vindicate equal protection rights.  Nowhere does Title III provide a private right of action.  *See Regents of Univ. of Cal. v. Bakke*, 438 U.S. 265, 381 (1978) (White, J., concurring).  Furthermore, even if Title III did provide a right of action, Plaintiff's Title III claim would still fail.  Plaintiff's Title III claim is based upon allegations that he was

denied utilization of facilities at New Mexico Institute of Technology & Mining ("N.M. Tech"), and that institution falls within the definition of a "public college." *See* § 2000c(c) ("'public college' means any institution of higher education or any technical or vocational school above the secondary school level, provided that such public school or public college is operated by a State, subdivision of a State, or governmental agency within a State . . . ."). Accordingly, Plaintiff cannot seek relief under Title III, and his claim should be dismissed under Fed. R. Civ. P. 12(b)(6).

### Analysis of Plaintiff's Title VI claim

The Tenth Circuit has stated that in the Title VII context, a Plaintiff need not establish a prima facie case in order to survive dismissal under Fed. R. Civ. P. 12(b)(6). *Khalik v. United Air Lines*, 671 F.3d 1188, 1192 (10th Cir. 2012) ("While the 12(b)(6) standard does not require that Plaintiff establish a prima facie case in her complaint, the elements of each alleged cause of action help to determine whether Plaintiff has set forth a plausible claim."). Rather, courts should look to the elements of each alleged cause of action to determine whether Plaintiff has set forth enough factual details to make out a plausible claim. *Id.* at 1193. Because "courts often use Title VII proof scheme for Title VI claims," *Bryant v. Indep. Sch. Dist. No. I-38*, 334 F.3d 928, 930 (10th Cir. 2003) (citing *Guardians Ass'n v. Civil Serv. Comm'n of New York*, 463 U.S. 582 (1983)), I find the Tenth Circuit's analysis in *Khalik* to be applicable to Plaintiff's Title VI claim. Therefore, I examine the elements of Title VI to see if Plaintiff has set forth sufficient facts to state a plausible claim.

To state a claim under Title VI, one must allege "(1) that there is racial or national origin discrimination and (2) the entity engaging in discrimination is receiving federal financial assistance." *Baker v. Bd. of Regents of Kan.*, 991 F.2d 628, 631 (10th Cir. 1993). Dismissal of a Title VI claim is improper where the plaintiff has adequately alleged a discriminatory motive. *See Wilson v. Dep't of Pub. Safety*, 66 F. App'x 791, 796 (10th Cir. 2003) (unpublished) (reversing a district court's dismissal of a Title VI claim where the pro se plaintiff alleged that a state highway patrol officer pulled him over because he was "a black male in a predominantly non-minority area during late night."). Additionally, an individual establishes a prima facie case where he demonstrates "(1) that he or she is a member of a protected class; (2) that he or she was disciplined; and (3) that similarly situated comparators were treated differently for the same or similar conduct." *Buhendwa v. Univ. of Colo. at Boulder*, 214 F. App'x 823, 828 (10th Cir. 2007) (unpublished) (quoting *MacKenzie v. City & Cnty. of Denver*, 414 F.3d 1266, 1277 (10th Cir. 2005)).

Here, Plaintiff's amended complaint alleges that he was an African-American student who satisfied all of the academic requirements necessary to earn his doctoral degree, including earning credits beyond those required. *Id*. at 10–13, 29. However, Plaintiff alleges that he was improperly terminated from the program and blocked from giving his final dissertation defense. *Id*. at 12. He argues that the reasons given for his termination were "pretextual to hide the true discriminatory and retaliatory motives because of [P]laintiff['s] African-American race, and because of [his] previous complaints [regarding a conspiracy to force Plaintiff to take additional coursework]." *Id.* at 13. Plaintiff's amended complaint alleges that Jonathan Brown, "a

Caucasian with a non-engineering undergraduate and master[']s degree was awarded a PhD in Materials Engineering after barely 2 years in the PhD program." *Id.* at 34.  Plaintiff also alleges that at a mediation held by the U.S. Department of Education's Office for Civil Rights, he negotiated an agreement with N.M. Tech under which he would be awarded his doctoral degree if he completed a remote dissertation defense and additional independent research. *Id.* at 14.  He argues that he completed these requirements, but was not awarded his degree. *Id.*

Additionally, Plaintiff alleges that during his time at N.M. Tech, he was denied resources provided to all other students working at the U.S. Air Force ("USAF") Research Laboratory Laser Center of Excellence ("COE"). *Id.* at 21.  At oral argument, Plaintiff informed the Court that he was the only African-American student working at the COE.  [Doc. 90].  He alleges that his research advisor, Scott Teare, told the Air Force advisor not to give him access to a computer or an access card to the USAF COE facilities, while all other students received access cards. [Doc. 8] at 21.  Plaintiff alleges that he was forced to use his own laptop computer while all others were provided offices and computers. *Id.*

Furthermore, Plaintiff alleges that various faculty members prevented him from presenting critiques, *id.* at 8, removed parts of his graduate paperwork, *id.* at 16, prevented him from having the committee meetings required of all students, *id.*, delayed recording of his academic credits, *id.* at 9, and refused to let him present his graduate seminar while allowing other students to present theirs, *id.*  Plaintiff also alleges that no African-American has ever graduated from the Materials Engineering Department in the history of N.M. Tech. *Id.* at 6.

Accordingly, I find that Plaintiff has sufficiently alleged a discriminatory motive and has stated a plausible Title VI claim.

Defendants argue that Plaintiff fails to state a Title VI claim because he does not allege the existence of a "similarly situated" graduate student that was treated differently for substantially similar conduct. [Doc. 51] at 9. They argue that Plaintiff "failed two separate oral critiques," and "engaged in a pattern of discourteous, abusive, and threatening behavior that resulted in the mass resignation of his doctoral advisory committee," and that his complaint does not allege that Jonathan Brown also engaged in these activities. [Doc. 51] at 1–2, 9.

Defendants' argument fails for three reasons. First, the essence of their argument is that Plaintiff has not sufficiently pled the elements required to establish a prima facie case. However, Plaintiff is not required to establish a prima facie case in order to survive a motion to dismiss, *see Khalik*, 671 F.3d at 1192, which Defendants apparently concede, *see* [Doc. 51] at 5. Plaintiff only needs to allege sufficient factual detail to state a plausible claim of racial discrimination. This he has done.

Second, even if Plaintiff were required to establish a prima facie case to survive a motion to dismiss, I believe he has done so. Defendants concede that Plaintiff is a member of a protected class and that he was disciplined, thus satisfying two of the three required elements of his prima facie case. *Id.* at 9. Plaintiff's amended complaint alleges that he completed all agreed to requirements for receiving his degree, but unlike his Caucasian classmate, he was not awarded his degree. [Doc. 8] at 29. Although Defendants argue that this lacks sufficient specificity to establish the last element of Plaintiff's prima facie case, I disagree.

In *Bryant,* the Tenth Circuit held that black-student plaintiffs had set forth a prima facie case of discrimination when "[t]hey alleged that they were suspended after the February 8, 2000, fight while Caucasian students who participated in the fight were not suspended." 334 F.3d at 930. Here, Plaintiff has pled discrimination with at least as much specificity as the plaintiffs in *Bryant.*[1] Plaintiff alleges that as an African-American he was not awarded his doctoral degree although he completed all degree requirements, while a Caucasian student who completed his degree requirements was conferred a diploma. *Id.* at 29. Plaintiff has stated facts supporting his allegations that he completed all of his degree requirements. *See id.* at 25–26, 29. Accordingly, Plaintiff has stated a claim for race discrimination under Title VI.

Third, Defendants' argument raises matters outside the pleadings that are inappropriate for consideration on a motion to dismiss. Plaintiff's amended complaint does not include any allegation that he failed his oral critiques, and Plaintiff disputes that he failed any such critiques. [Doc. 52] at 2; *see generally* [Doc. 8]. The amended complaint alleges that over the course of a year, one committee member resigned, later rejoined, and resigned again, and two others resigned without providing reasons to Plaintiff. [Doc. 8] at 7–8. Plaintiff denies Defendants' allegations of abusive and threatening behavior. [Doc. 52] at 3. Because such matters are not alleged in the amended complaint, Defendants' assertions regarding Plaintiffs' conduct are inappropriate for consideration on a motion to dismiss. *See* Fed. R. Civ. P. 12(d) (requiring a Rule 12(b)(6) motion to be treated as a motion for summary judgment if "matters outside the

---

[1] Additionally, Plaintiff is proceeding pro se. Accordingly, "if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir.1991).

7

pleadings are presented and not excluded by the court."). I decline to convert Defendants' Motion to a motion for summary judgment and therefore do not consider Defendants' allegations at this stage of the proceedings. Defendants are free to file motions for summary judgment when they deem it appropriate.

**IT IS THEREFORE RESPECTFULLY RECOMMENDED** that Defendants' Motion to Dismiss Claim[s] Under the Civil Rights Act . . . [Doc. 51] be **GRANTED in part** with respect to Plaintiff's Title III claim, and that Plaintiff's Title III claim be **DISMISSED with prejudice**.

**IT IS FURTHER RECOMMENDED** that Defendants' Motion to Dismiss Claim[s] Under the Civil Rights Act . . . [Doc. 51] be **DENIED** with respect to Plaintiff's Title VI claim.[2]

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN FOURTEEN DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition, they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). **A party must file any written objections with the Clerk of the District Court within the 14-day period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**

_____
**STEPHAN M. VIDMAR**
**United States Magistrate Judge**

---

[2] Filed concurrently with these proposed findings and recommended disposition, I have made findings on a number of dispositive motions submitted by Defendants. *See* [Docs. 51, 53, 55, 57, 77]. If the Court adopts all of my recommendations, Plaintiff's surviving claims shall be:
1. Violation of Title VI against all Defendants.
2. First Amendment Retaliation under § 1983 against the individual Defendants.
3. Violation of Equal Protection under § 1983 against the individual Defendants.
4. Violation of 42 U.S.C. § 1981 against all Defendants.
5. Violation of 42 U.S.C. § 1985 against all Defendants.