IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

LINDSAY O'BRIEN QUARRIE,

    Plaintiff,

v.     No. 13-cv-0349 MV/SMV

NEW MEXICO INST. OF MINING & TECH., et al.,

    Defendants.

### MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION TO DISMISS PLAINTIFF'S STATE TORT CLAIMS

THIS MATTER is before me on Defendants' Motion to Dismiss Tort Claims for Lack of Subject Matter Jurisdiction and Failure to State a Claim . . . [Doc. 53] ("Motion"), filed on November 19, 2013. Plaintiff filed his response [Doc. 54] on November 20, 2013. Oral argument was heard on January 31, 2014. The Honorable Martha Vázquez, United States District Judge, referred this matter to me for analysis and recommendation of ultimate disposition. Order of Reference [Doc. 50]. Having considered the briefing, oral argument, and relevant law, and being fully advised in the premises, I recommend that Defendants' Motion be **GRANTED**.

Defendant's Motion seeks dismissal of Plaintiff's state tort claims for abuse of process; slander; libel; defamation; conspiracy; duress; intentional infliction of emotional distress; negligent infliction of emotional distress; and malicious prosecution.[1] [Doc. 53] at 1; [Doc. 8].

---

[1] Plaintiff's amended complaint is improperly numbered: it includes two separate counts listed as Count Three: Conspiracy and Breach of Contract. The amended complaint also omits Count Five and Count Eight. In their motion, Defendants renumber Plaintiff's claims. To avoid confusion, I refer to the claims by name.

Defendants seek dismissal of all state tort claims under Fed. R. Civ. P. 12(b)(1). They argue that they are entitled to sovereign immunity and that this Court lacks jurisdiction to hear Plaintiff's state tort claims. *Id.* at 1–7. They also argue that dismissal is appropriate under Fed. R. Civ. P. 12(b)(6) because sovereign immunity prevents Plaintiff from obtaining relief on his state tort claims. *Id.* at 10–15. Lastly, Defendants argue that duress is a common-law defense and is not a cognizable claim. *Id.* at 15–17. Plaintiff argues that "[s]upplemental jurisdiction over the Plaintiff's pendent state law claims under Section 28-1-7 is conferred by 28 U.S.C. [§] 1367,"[2] that "the 11th Amendment does not apply as there is no sovereign immunity applicable," and that the "federal court does not need . . . waiver from the state for prosecution of matters . . . connected to the federal question." [Doc. 54] at 2. I agree with Defendants.

A plaintiff normally bears the burden of demonstrating that jurisdiction exists to hear his claims. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 104 (1998) ("[T]he party invoking federal jurisdiction bears the burden of establishing its existence."). Under Fed. R. Civ. P. 12(b)(1), claims may be dismissed for lack of subject matter jurisdiction where a defendant invokes sovereign immunity. *See Muscogee (Creek) Nation v. Okla. Tax Comm'n*, 611 F.3d 1222, 1226 (10th Cir. 2010) (noting that sovereign immunity is a jurisdictional defense). "States may not be sued in federal court unless they consent to it in unequivocal terms or unless Congress, pursuant to a valid exercise of power, unequivocally expresses its intent to abrogate

---

[2] Plaintiff's argument that the Court has jurisdiction of his claims under NMSA 1978, § 28-1-7 is not related to the claims at issue in this motion: abuse of process, slander, libel, defamation, conspiracy, duress, intentional infliction of emotional distress, negligent infliction of emotional distress, and malicious prosecution. Plaintiff's amended complaint only mentions § 28-1-7 in Count Nine, a separate and unrelated count. [Doc. 8] at 34. Because Plaintiff appears pro se, I interpret Plaintiff's language to argue that the Court has supplemental jurisdiction over the claims at issue. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) ("A pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers.").

the immunity." *Green v. Mansour*, 474 U.S. 64, 68 (1985). This immunity extends to suits against state agencies and other arms of the state, including state universities. *See Muscogee Nation*, 611 F.3d at 1227; *Buchwald v. Univ. of N.M. Sch. of Med.*, 159 F.3d 487, 494–95 & 494 n. 3 (10th Cir. 1998). Furthermore, a state "does not consent to suit in federal court merely by consenting to suit in courts of its own creation." *Coll. Sav. Bank v. Fl. Prepaid Postsec. Educ. Expense Bd.*, 527 U.S. 666, 676 (1999).

Defendants are correct that New Mexico has not waived its sovereign immunity. The New Mexico Tort Claims Act ("NMTCA") provides the exclusive remedy for tort actions against the state and its employees. *Celaya v. Hall*, 2004-NMSC-005, ¶ 8, 135 N.M. 115, 118; NMSA 1978, §§ 41-4-2 and -17(A). Under the NMTCA, New Mexico has waived sovereign immunity for tort claims only when those claims are brought in state court. NMSA 1978, § 41-4-18(A) ("Exclusive original jurisdiction for any claim under the Tort Claims Act shall be in the district courts of New Mexico."). Furthermore, the NMTCA provides a waiver of sovereign immunity only for certain classes of claims arising out of the following categories: "operation or maintenance of motor vehicles, aircraft and watercraft" under § 41-4-5; "buildings, public parks, machinery, equipment and furnishings" under § 41-4-6; "airports" under § 41-4-7; "public utilities" under § 41-4-8; "medical facilities" under § 41-4-9; "health care providers" under § 41-4-10; "highways and streets" under § 41-4-11; and "law enforcement officers" under § 41-4-12. Defendants argue that Plaintiff's claims do not fit within any of these categories, and Plaintiff does not argue otherwise. *See generally* [Doc. 54]. Because New Mexico has not

3

waived sovereign immunity for Plaintiff's state tort claims, or for any state tort claims brought in federal court, the Court is without subject matter jurisdiction to hear the claims.

Plaintiff's argument that the Court may exercise supplemental jurisdiction over the state tort claims despite an invocation of sovereign immunity is incorrect as a matter of law. Sovereign immunity under the Eleventh Amendment is not abrogated by 28 U.S.C. § 1367, and therefore, § 1367 does not authorize federal district courts to exercise jurisdiction over claims against nonconsenting states. *Raygor v. Regents of Univ. of Minn.*, 534 U.S. 533, 541 (2002). Plaintiff's argument that sovereign immunity does not apply in this case is conclusory and without a basis in law. Defendants are entitled to invoke sovereign immunity, *see Buchwald*, 159 F.3d at 494 n.3, and they have done so. Accordingly, Plaintiff's state tort claims should be dismissed.

**IT IS THEREFORE RESPECTFULLY RECOMMENDED** that Motion to Dismiss Tort Claims for Lack of Subject Matter Jurisdiction and Failure to State a Claim . . . [Doc. 53] be **GRANTED**. It is recommended that the following claims, as numbered in Plaintiff's amended complaint [Doc. 8], be **DISMISSED**:

1. Count One: Abuse of Process
2. Count Two: Slander, Libel, and Defamation
3. Count Three: Conspiracy
4. Count Four: Duress
5. Count Six: Intentional Infliction of Emotional Distress and Negligent Infliction of Emotional Distress

4

  6. Count Seven: Malicious Prosecution[3]

> **THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN FOURTEEN DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition, they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). **A party must file any written objections with the Clerk of the District Court within the 14-day period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**

               _____
               **STEPHAN M. VIDMAR**
               **United States Magistrate Judge**

---

[3] Filed concurrently with these proposed findings and recommended disposition, I have made findings on a number of dispositive motions submitted by Defendants. *See* [Docs. 51, 53, 55, 57, 77]. If the Court adopts all of my recommendations, Plaintiff's surviving claims shall be:
  1. Violation of Title VI against all Defendants.
  2. First Amendment retaliation under § 1983 against the individual Defendants.
  3. Equal protection under § 1983 against the individual Defendants.
  4. Violation of § 1981 against all Defendants.
  5. Violation of § 1985 against all Defendants.