**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

**LINDSAY O'BRIEN QUARRIE,**

    **Plaintiff,**

**v.**                                                    **No. 13-cv-0349 MV/SMV**

**NEW MEXICO INST. OF MINING & TECH., et al.,**

    **Defendants.**

## MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION TO DISMISS PLAINTIFF'S FIFTH AMENDMENT CLAIM

THIS MATTER is before me on Defendants' Motion to Dismiss Claim Under the Civil Rights Act for Failure to State A Claim . . . [Doc. 55] ("Motion"), filed on November 21, 2013. Plaintiff has filed no Response in opposition to Defendants' Motion. Oral argument was heard on January 31, 2014. The Honorable Martha Vázquez, United States District Judge, referred this matter to me for analysis and recommendation of ultimate disposition. Order of Reference [Doc. 50]. Having considered the briefing, oral argument, and relevant law, and being fully advised in the premises, I recommend that Defendants' Motion be **GRANTED**.

Defendants' Motion seeks dismissal of Plaintiff's claim alleging violation of his Fifth Amendment rights, listed in Plaintiff's amended complaint as Count Eleven.[1]  [Doc. 8] at 36. Plaintiff has filed no response to this motion. Generally, his failure to do so would be treated as consent for the motion to be granted. *See* D.N.M.LR-Civ 7.1(b) ("The failure of a party to file and serve a response in opposition to a motion within the time prescribed for doing so constitutes

---

[1] Plaintiff's amended complaint is improperly numbered: it includes two separate counts listed as Count Three, but omits both Count Five and Count Eight. Here, the Court refers the counts as numbered by Plaintiff.

consent to grant the motion."). However, when a party fails to respond to a motion to dismiss, a court may not grant the motion based solely on the lack of response. *Issa v. Comp USA*, 354 F.3d 1174, 1177 (10th Cir. 2003). Instead, "the district court must still examine the allegations in the plaintiff's complaint and determine whether the plaintiff has stated a claim upon which relief can be granted." *Id.* at 1178. Accordingly, I examine the merits of the Motion.

      Under Fed. R. Civ. P. 12(b)(6), a claim may be dismissed either because it asserts a legal theory that is not cognizable as a matter of law or because the factual allegations in the complaint, even if taken as true, would not provide a right to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 & 570 (2007). Other than paraphrasing the text of the Fifth Amendment, Plaintiff does not allege a due process violation in his amended complaint. *See* [Doc. 8] at 36. Rather, Plaintiff alleges that when he refused to accept a permanent injunction barring him from the campus at the New Mexico Institute of Mining & Technology, Defendants "retaliated and purposely [sic] ended the mediation, breaching the agreement/contract [and] thereby harming [P]laintiff." *Id.* However, due process is not necessarily violated by a breach of contract. *Compare Lujan v. G & G Fire Sprinklers, Inc.*, 532 U.S. 189, 195–96 (2001) (noting that if a state provides a remedy through a breach of contract suit in state court, there is no due process violation when the state or its agents fail to comply with contractual obligations), *with* NMSA 1978, § 37-1-23 (allowing suit against governmental entities for breach of "a valid written contract"). Accordingly, Plaintiff's Fifth Amendment due process claim should be dismissed.

      To the extent that Plaintiff alleges a violation of the self-incrimination clause, Plaintiff's Fifth Amendment right to be free from self-incrimination only applies in the context of a

criminal case.  U.S. CONST. amend. V; *Chavez v. Martinez*, 538 U.S. 760, 766–67 (2003). Plaintiff has alleged no criminal proceedings in the amended complaint, and he conceded at oral argument that criminal proceedings were never initiated against him.  Thus, his Fifth Amendment claim should be dismissed.

**IT IS THEREFORE RESPECTFULLY RECOMMENDED** that Defendants' Motion to Dismiss Claim Under the Civil Rights Act for Failure to State A Claim . . . [Doc. 55] be **GRANTED** and Plaintiff's claim for violation of Fifth Amendment rights be **DISMISSED with prejudice.**[2]

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN FOURTEEN DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition, they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). **A party must file any written objections with the Clerk of the District Court within the 14-day period if that party wants to have appellate review of the proposed findings and recommended disposition.  If no objections are filed, no appellate review will be allowed.**

_____
**STEPHAN M. VIDMAR**
**United States Magistrate Judge**

---

[2]  Filed concurrently with these proposed findings and recommended disposition, I have made findings on a number of dispositive motions submitted by Defendants. *See* [Docs. 51, 53, 55, 57, 77].  If the Court adopts all of my recommendations, Plaintiff's surviving claims shall be:
1. Violation of Title VI against all Defendants.
2. First Amendment retaliation under § 1983 against the individual Defendants.
3. Equal protection under § 1983 against the individual Defendants.
4. Violation of § 1981 against all Defendants.
5. Violation of § 1985 against all Defendants.