IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

LINDSAY O'BRIEN QUARRIE,

    Plaintiff,

v.                                                                                         No. 13-cv-0349 MV/SMV

NEW MEXICO INST. OF MINING & TECH., et al.,

    Defendants.

### MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION TO DISMISS PLAINTIFF'S BREACH OF CONTRACT CLAIMS

THIS MATTER is before me on Defendants' Motion to Dismiss Breach of Contract Claim . . . [Doc. 57] ("Motion"), filed on November 22, 2013. Plaintiff filed his response [Doc. 58] on November 25, 2013. Oral argument was heard on January 31, 2014. [Doc. 90] The Honorable Martha Vázquez, United States District Judge, referred this matter to me for analysis and recommendation of ultimate disposition. Order of Reference [Doc. 50]. Having considered the briefing, oral argument, and relevant law, and being fully advised in the premises, I recommend that Defendants' Motion be **GRANTED**.

### Background

Defendants seek dismissal of Plaintiff's breach of contract claims and argue that no written contract exists between Plaintiff and New Mexico Institute of Mining & Technology ("N.M. Tech"). [Doc. 57] at 5. Defendants also contend that the student handbook and policies at N.M. Tech are insufficient to form the basis for an implied contract. *Id.* at 5–7. They further

argue that even if Plaintiff could establish an implied contract, Defendants have immunity for all breach of contract actions except those involving a written contract. *Id.* at 7.

Plaintiff alleges Defendants breached their contractual obligations in three distinct ways. First, he argues that "[e]very PhD student at New Mexico Tech is given the opportunity to defend his or her dissertation . . . as part of the contractual obligation of the university [created] by [Plaintiff's] enrollment in a PhD program and signed off in Plaintiff['s] Plan of Study . . . ." [Doc. 58] at 2. Plaintiff argues that Defendants breached that obligation by not allowing him to present his dissertation, and that the Proposed Academic Program / Plan of Study ("Proposed Program") signed by his research advisors satisfies the written contract requirement. *Id.* Second, Plaintiff's response and amended complaint both reference a mediation conducted by the U.S. Department of Education Office for Civil Rights ("OCR"). *See* [Doc. 8] at 36; [Doc. 58] at 2. Plaintiff believes that Defendants breached the terms of an agreement reached at the mediation by not allowing him to present his dissertation. [Doc. 8] at 36. However, Defendants informed the Court at oral argument that the parties did not execute a written settlement agreement as a result of the mediation, and Plaintiff did not contradict Defendants on this point. [Doc. 90]. Lastly, Plaintiff's amended complaint alleges that "[u]nder quantum meruit, reasonable value for services, [D]efendant[s] were unjustly enriched at [P]laintiff['s] expense of time and money by making the [Plaintiff] continue to take additional credits . . . ." [Doc. 8] at 30.

## Analysis

Under Fed. R. Civ. P. 12(b)(6), a court properly dismisses a claim where it fails to state a claim upon which relief can be granted. I find that Defendants are entitled to immunity for breach of contract because no written contract exists in this case. Therefore, Plaintiff's breach of contract claims should be dismissed.

Under New Mexico law, "governmental entities are granted immunity from actions based on contract, except actions based on a valid written contract." NMSA 1978, § 37-1-23(A). The New Mexico Supreme Court has stated that the legislative purpose of § 37-1-23(A) was to reinstate sovereign immunity in the wake of judicial abolishment of common-law sovereign immunity. *Hydro Conduit Corp. v. Kemble*, 1990-NMSC-061, ¶ 16−20, 110 N.M. 173, 177–79. New Mexico courts have made clear that to overcome this sovereign immunity, a party cannot rely on partial writings but must have a "completely executed contract." *See Campos de Sueños, Ltd. v. Cnty. of Bernalillo*, 2001-NMCA-043, ¶ 12, 130 N.M. 563, 568. Actions to recover damages based on quasi-contract theories such as unjust enrichment or quantum meruit are barred. *See Hydro Conduit*, 1990-NMSC-061, ¶ 21–23. Although the New Mexico Supreme Court has held that the "valid written contract" requirement is satisfied by an implied *employment* contract, *see Garcia v. Middle Rio Grande Conservancy Dist.*, 1996-NMSC-029, ¶ 19, 121 N.M. 728, 734, New Mexico courts have "grave reservations with the proposition that *Garcia* allows implied-in-fact contracts outside of the employment context to override governmental immunity," *Campos*, 2001-NMCA-043, ¶ 27.

Here, Plaintiff's Proposed Program does not satisfy the written contract requirement. For a contract to be legally valid and enforceable, it must be factually supported by an offer, an acceptance, consideration, and mutual assent. *Garcia*, 1996-NMSC-029, ¶ 9. Furthermore, a contract must normally include all essential terms. *See McNeill v. Rice Eng'g & Operating, Inc.*, 2003-NMCA-078, ¶ 27, 133 N.M. 804, 812; 1-4 Corbin, Contracts § 4.1 ("Vagueness of expression, indefiniteness and uncertainty as to any of the essential terms of an agreement, have often been held to prevent the creation of an enforceable contract."). Where there is a lack of contractual terms and the language of a document is of a non-promissory nature, courts are justified in finding that no intent to contract exists. *See Ruegsegger v. Bd. of Regents of W. N.M. Univ.*, 2007-NMCA-030, ¶ 30, 141 N.M. 306, 313 (collecting cases and finding that the non-promissory language contained in a student handbook was insufficient to impose contractual obligations on a university because it merely "provided guidelines.").

Although Plaintiff's Proposed Program lays out a *proposed* timeline that includes a dissertation defense, nothing in that document expressly guarantees that Plaintiff would be awarded his diploma or that he had the right to present his dissertation. *See* [Doc. 58] at 14. Rather, I find that the document merely lays out guidelines that the parties contemplated regarding Plaintiff's course of study. *See Ruegsegger*, 2007-NMCA-030, ¶ 30. Because the Proposed Program lacks any promissory language, I find that the Proposed Program does not demonstrate intent by the parties to enter into a binding contract. *See McNeill*, 2003-NMCA-078, ¶ 27; *Ruegsegger*, 2007-NMCA-030, ¶ 30. Accordingly, the Proposed Program does not fulfill the written contract requirement in NMSA 1978, § 37-1-23(A).

4

While there is some support for the proposition that Plaintiff's Proposed Program could form the basis for an implied contract, *see Ruegsegger*, 2007-NMCA-030, ¶ 33 & 36, 141 N.M. 306, 313–14 (discussing certain circumstances where university policies may form the basis for an implied contract), this would still be insufficient to overcome Defendants' assertion of immunity. No New Mexico court has allowed an implied contract to override a claim of governmental immunity outside of the employment context. *See Campos*, 2001-NMCA-043, ¶ 27. Accordingly, Plaintiff's Proposed Program does not form a basis upon which to override governmental immunity in this case.

Similarly, Plaintiff's argument regarding the breach of the mediation agreement does not survive Defendant's invocation of governmental immunity. Plaintiff has not alleged that the parties entered into a written agreement at the mediation conducted by the OCR. Furthermore, the parties have informed the Court that there is no such written agreement.

Lastly, Plaintiff's claims for unjust enrichment are barred. New Mexico courts have held that in the absence of a written contract, claims for unjust enrichment are barred by governmental immunity. *See Hydro Conduit*, 1990-NMSC-061, ¶ 21–23. Having found no written agreement in this case, I determine that Defendants are immune from all of Plaintiff's breach of contract claims.

**IT IS THEREFORE RESPECTFULLY RECOMMENDED** that Defendants' Motion to Dismiss Breach of Contract Claim . . . [Doc. 57] be **GRANTED**. It is recommended that Plaintiff's Count Three: Breach of Contract be **DISMISSED with prejudice**.[1]

> **THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN FOURTEEN DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition, they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). **A party must file any written objections with the Clerk of the District Court within the 14-day period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**

_____
**STEPHAN M. VIDMAR**
**United States Magistrate Judge**

---

[1] Filed concurrently with these proposed findings and recommended disposition, I have made findings on a number of dispositive motions submitted by Defendants. *See* [Docs. 51, 53, 55, 57, 77]. If the Court adopts all of my recommendations, Plaintiff's surviving claims shall be:
1. Violation of Title VI against all Defendants.
2. First Amendment retaliation under § 1983 against the individual Defendants.
3. Equal protection under § 1983 against the individual Defendants.
4. Violation of § 1981 against all Defendants.
5. Violation of § 1985 against all Defendants.