IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

LINDSAY O'BRIEN QUARRIE,

    Plaintiff,

v.                                                                                  No. 13-cv-0349 MV/SMV

NEW MEXICO INST. OF MINING & TECH., et al.,

    Defendants.

**MAGISTRATE JUDGE'S PROPOSED FINDINGS
AND RECOMMENDED DISPOSITION
TO GRANT IN PART AND DENY IN PART
DEFENDANTS' MOTION FOR SUMMARY JUDGMENT ON QUALIFIED IMMUNITY**

THIS MATTER is before me on Defendants' Motion for Summary Judgment on the Grounds of Qualified Immunity [Doc. 77] ("MSJ"), filed on December 19, 2013, and Plaintiff's Motion to Strike Defendants' MSJ [Doc. 106] ("Motion to Strike"), filed on February 17, 2014. Plaintiff filed his response to the MSJ [Doc. 79] on December 19, 2013.  Plaintiff also filed a memorandum in opposition to the MSJ on January 29, 2014.[1]  [Doc. 89].  Oral argument on the MSJ was heard on January 31, 2014.  [Doc. 90].  At the request of the Court, Defendants filed a supplement to their MSJ on February 10, 2014.  [Doc. 99].  Plaintiff filed a response to the supplement on February 11, 2014.  [Doc. 100].  The Honorable Martha Vázquez, United States District Judge, referred this matter to me for analysis and recommendation of ultimate disposition.  Order of Reference [Doc. 50].  Having considered the briefing, oral argument, and relevant law, and being fully advised in the premises, I recommend that Defendants' MSJ be

---

[1] Although Plaintiff's memorandum in opposition was filed late, Defendants have raised no objection regarding timeliness.  Accordingly, I shall consider the arguments presented therein.

**GRANTED in part and DENIED in part**. Additionally, I recommend that Plaintiff's Motion to Strike be **DENIED as moot**.

## Background

Plaintiff is proceeding pro se in this lawsuit, which he instituted after being terminated from the graduate program at New Mexico Institute of Mining & Technology ("N.M. Tech"). [Doc. 8] at 2, 13. Plaintiff alleges that Defendants committed racial discrimination and violated his civil rights. *Id.* at 2. Plaintiff seeks reenrollment at N.M. Tech, award of his doctoral diploma in Materials Engineering, and damages in the amount of $22,000,000. *Id.* at 39. Defendants have moved for summary judgment on Plaintiff's § 1983 claims on the basis of qualified immunity. [Doc. 77].

## Legal Standard

The Supreme Court has emphasized that although the purpose of the qualified immunity defense is to provide "an immunity from suit rather than a mere defense to liability," that immunity is "effectively lost if a case is erroneously permitted to go to trial." *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985). As a result, once a defendant asserts qualified immunity, the plaintiff must properly allege that the defendant violated one of his constitutional rights and that the violated right was clearly established at the time of the violation. *Kaufman v. Higgs*, 697 F.3d 1297, 1300 (10th Cir. 2012). Facts must be construed in the light most favorable to the plaintiff. *Id.* If the plaintiff meets his burden, "then the defendant bears the burden, as a movant for summary judgment, of showing no material issues of fact remain that would defeat the claim of qualified immunity." *Romero v. Fay*, 45 F.3d 1472, 1475 (10th Cir. 1995).

**Analysis**

Defendants argue that N.M. Tech is not a suable entity under 42 U.S.C. § 1983 because it is not a "person" for the purposes of that statute. [Doc. 77] at 4. Additionally, the individual defendants claim that they are entitled to qualified immunity because Plaintiff has "failed to clearly plead a constitutional violation of his rights as provided in either the First, Fifth,[2] or Fourteenth Amendments." *Id.* at 6. Defendants also argue that Plaintiff has failed to demonstrate that his rights were clearly established. *Id.* at 6–7. Plaintiff responds that qualified immunity is inapplicable to this case. [Doc. 78] at 1. Plaintiff further argues that he has sufficiently alleged violations of the First and Fourteenth Amendments, and that his rights were clearly established at the time. [Doc. 89] at 2–3. I find that Plaintiff has sufficiently alleged violations of clearly established federal law and that Defendants fail to meet their burden as movants for summary judgment. Additionally, I determine that Plaintiff's claim for money damages under § 1983 is barred, but his request for reenrollment and award of his diploma are not.

**I. First Amendment retaliation under § 1983**

To maintain a claim for First Amendment retaliation, a plaintiff must prove each of the following elements:

> (1) that the plaintiff was engaged in constitutionally protected activity; (2) that the defendant's actions caused the plaintiff to suffer an injury that would chill a person of ordinary firmness from continuing to engage in that activity; and (3) that the defendant's adverse action was substantially motivated as a response to the plaintiff's exercise of constitutionally protected conduct.

---

[2] Because I have already recommended that Plaintiff's Fifth Amendment claim be dismissed, *see* [Doc. 109], I do not address either Defendants' or Plaintiff's arguments regarding the Fifth Amendment.

*Shero v. City of Grove*, 510 F.3d 1196, 1203 (10th Cir. 2007). The standard for evaluating the chilling effect on speech is objective, rather than subjective, and "a trivial or de minimis injury" will not support a retaliation claim. *Eaton v. Meneley*, 379 F.3d 949, 954–55 (10th Cir. 2004).

Here, Plaintiff's amended complaint alleges all required elements. Plaintiff alleges that he satisfactorily completed double the amount of academic credits required in order to complete his degree. [Doc. 8] at 10. Plaintiff further alleges that in spite of this, his academic committee members recommended that he complete additional coursework. *Id.* at 11. Additionally, Plaintiff alleges that he was prevented from presenting his graduate seminar and that his academic credits were not promptly recorded. *Id.* at 25. Plaintiff claims that he complained about these issues at committee meetings and filed grievances against the Materials Engineering Department and Defendant Majumdar. *Id.* at 25 & 35. In response, Defendant Majumdar told him that such complaints "would not be tolerated." *Id.* at 25. Subsequently, Defendants terminated Plaintiff's enrollment in his academic program. *Id.* at 28. Plaintiff alleges that "[t]he [D]efendants['] justifications [for terminating him] . . . were materially false in one of more aspects and pretextual to hide the true discriminatory and retaliatory motives because of [P]laintiff['s] African-American race, and because of [P]laintiff['s] previous complaints." *Id.* Additionally, Plaintiff alleges that Defendants perjured themselves in order to obtain a preliminary injunction in state court barring him from peacefully assembling outside of N.M. Tech to protest his wrongful termination. *Id.*

The First Amendment right to free speech includes not only the affirmative right to speak, but also the right to be free from retaliation by a public official for the exercise of that

4

right. *Pickering v. Bd. of Educ.*, 391 U.S. 563 (1968); *Worrell v. Henry*, 219 F.3d 1197, 1212–14 (10th Cir. 2000). The academic conduct (or misconduct) of professors at a state university is an issue of public concern, and therefore, Plaintiff's grievances about alleged faculty misconduct fall within the realm of constitutionally protected activity. *See Hulen v. Yates,* 322 F.3d 1229, 1237−38 (10th Cir. 2003) (charges of abuse and harassment of students and staff by a professor at a public university are plainly of interest to the public). Defendants do not deny that terminating Plaintiff from N.M. Tech for making such grievances would violate clearly established federal law.

Defendants have submitted no evidence in support of their Motion. Therefore, the only evidence for the Court to consider is the allegations contained in the amended complaint. *Compare* [Doc. 8] at 2, 39, *with* Fed. R. Civ. P. 56(c)(4) (outlining the requirements for an affidavit), *and Abdulhaseeb v. Calbone*, 600 F.3d 1301, 1311 (10th Cir. 2010) ("A verified complaint may be treated as an affidavit for purposes of summary judgment if it satisfies the standards for affidavits set out in Rule 56[.]"). Accordingly, I find that Defendants have not met their burden as movants for summary judgment and are not entitled to qualified immunity on Plaintiff's First Amendment retaliation claim.

## II. Equal protection under § 1983

Racial and national origin discrimination can violate the Fourteenth Amendment's right to equal protection and state a cause of action under 42 U.S.C. § 1983. *Poolaw v. City of Anadarko,* 660 F.2d 459, 462 (10th Cir.1981). Generally, to state a claim under § 1983 for violation of the Equal Protection Clause, the plaintiff must show that he or she is a member of a

protected class of individuals that is being treated differently from similarly situated individuals that are not in that class. *See Ramirez v. Dep't of Corr., Colo.*, 222 F.3d 1238, 1243–44 (10th Cir. 2000).

Plaintiff has alleged that he was terminated from his academic program because he is African-American and because of his complaints about mistreatment by the faculty. [Doc. 8] at 28. Additionally, Plaintiff alleges that during his time at N.M. Tech, he was denied resources provided to all other students working at the U.S. Air Force ("USAF") Research Laboratory Laser Center of Excellence ("COE"). [Doc. 8] at 21. At oral argument, Plaintiff informed the Court that he was the only African-American student working at the COE. [Doc. 90]. Plaintiff alleges that his research advisor, Scott Teare, told the Air Force advisor not to give him access to a computer or an access card to the USAF COE facilities, while all other students received offices, computers, and access cards. [Doc. 8] at 21. Plaintiff also alleges that various faculty members prevented him from presenting critiques, *id.* at 8, removed parts of his graduate paperwork, *id.* at 16, prevented him from having the committee meetings required of all students, *id.*, delayed recording of his academic credits, *id.* at 9, and refused to let him present his graduate seminar while allowing other students to present theirs, *id.* Lastly, Plaintiff alleges that although he completed all necessary requirements for graduation, he was denied his diploma, while a Caucasian classmate who completed the same degree requirements was awarded his. *Id.* at 29.

Defendants do not dispute that Plaintiff is a member of a protected class or that terminating Plaintiff on the basis of his race would violate clearly established federal law. Furthermore, "the general notion that one cannot discriminate on the basis of race or national

origin is undoubtedly clearly established." *Ramirez*, 222 F.3d at 1243–44 (10th Cir. 2000). Plaintiff has sufficiently pled a violation of his equal protection rights, and Defendants have submitted no evidence to rebut the allegations in Plaintiff's amended complaint. Accordingly, Defendants have not met their burden as movants for summary judgment and are not entitled to qualified immunity on Plaintiff's equal protection claim.

### III. Plaintiff's claims under § 1981 and § 1985

At oral argument, Defendants stated that they intended the present motion to also raise qualified immunity on Plaintiff's § 1981 and § 1985 claims. [Doc. 90]. However, Defendants have presented no argument regarding § 1981 or § 1985 in their motion or subsequent supplemental briefing. *See generally* [Docs. 77, 99]. To the extent that Defendants argue that Plaintiff's claims under § 1981 and 1985 should be dismissed because they fail to allege a constitutional violation, Defendants' oral motion should be denied.

On Plaintiff's § 1981 claim, the Supreme Court has made clear that "purposeful discrimination that violates the Equal Protection Clause of the Fourteenth Amendment will also violate § 1981." *Gratz v. Bollinger*, 539 U.S. 244, 276 n. 23 (2003) (holding that a university's use of race in its admission policy violated Title VI, § 1981, and the Equal Protection Clause). Because Plaintiff has sufficiently alleged purposeful discrimination in violation of the Equal Protection Clause, Defendants should be denied qualified immunity on Plaintiff's § 1981 claim.

Defendants should also be denied qualified immunity on Plaintiff's § 1985 claim. To prove a § 1985 claim, one must demonstrate "(1) a conspiracy; (2) to deprive plaintiff of equal protection or equal privileges and immunities; (3) an act in furtherance of the conspiracy; and

(4) an injury or deprivation resulting therefrom." *Tilton v. Richardson*, 6 F.3d 683, 686. Plaintiff alleges that defendants participated in "combined efforts" to deny him his earned doctoral degree. [Doc. 8] at 19. Additionally, he alleges that Defendants blocked his attempts to schedule necessary committee meetings, refused to sign his graduate paperwork, and terminated him from his program because of his race. *Id.* at 19, 20, 25, 28. I find that Plaintiff has alleged all necessary elements of a § 1985 claim. Defendants have offered no argument to the contrary. Accordingly, Defendants' motion for qualified immunity on Plaintiff's § 1985 claim should be denied.

### IV. Suable entities under § 1983

Plaintiff's claim for money damages under § 1983 is barred because none of the Defendants is a suable entity under § 1983. Section 1983 provides that "[e]very *person* who, under color of . . . [state law], subjects . . . [any] other person . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law." (emphasis added). The Supreme Court has held that § 1983 does not abrogate the Eleventh Amendment immunity provided to states and that states and their agencies are not "persons" subject to liability under § 1983. *See Quern v. Jordan*, 440 U.S. 332, 338 (1979) (discussing abrogation of sovereign immunity); *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 64 (1989) (holding that "a State is not a person within the meaning of § 1983"). As a result, courts have held that state universities and their officials are not "persons" subject to suit under § 1983. *See, e.g.*, *Kaimowitz v. Bd. of Trustees of Univ. of Ill.*, 951 F.2d 765, 767 (7th Cir. 1991); *Flint v. Dennison*, 488 F.3d 816, 825 (9th Cir. 2007) ("[S]tate officials sued in their

official capacities, including university officials, are not 'persons' within the meaning of § 1983 and are therefore generally entitled to Eleventh Amendment immunity."); *McCauley v. Univ. of the V.I.*, 618 F.3d 232, 240−41 (3d Cir. 2010) ("Because UVI is an arm of the Territory, [the individually named defendants], in their official capacities at UVI, were likewise not persons under § 1983.") Therefore, Plaintiff's claim for money damages under § 1983 against N.M. Tech and the individually named Defendants is barred. *See McCauley,* 618 F.3d at 241; *Buchwald v. Univ. of New Mexico Sch. of Med.*, 159 F.3d 487, 494 n.3 (10th Cir. 1998) (finding university officials entitled to immunity from money damages).

However, Plaintiff may still seek injunctive relief for reenrollment and award of his diploma. Under the *Ex parte Young* exception, a state official in his official capacity is considered a "person" for § 1983 purposes when sued for *prospective injunctive relief. See Will,* 491 U.S. at 71 n.10 ("Of course a state official in his or her official capacity, when sued for injunctive relief, would be a person under § 1983 because 'official-capacity actions for prospective relief are not treated as actions against the State.'") The Tenth Circuit has held that the *Ex parte Young* exception allows a student to seek an injunction for enrollment into a university. *See Buchwald*, 159 F.3d at 494–496. Plaintiff's amended complaint seeks "unconditional reenrollment" and award of his degree, [Doc. 8] at 39, similar to the relief permitted by the Tenth Circuit in *Buchwald*. Additionally, Defendants concede that "the individually named Defendants, here, fall within the *Ex parte Young* exception to the Eleventh Amendment immunity," so long as Plaintiff is able to demonstrate an ongoing constitutional violation. [Doc. 99] at 5. As stated above, Plaintiff has properly alleged violations of the First

9

and Fourteenth Amendments. Accordingly, Plaintiff is not prevented from seeking reenrollment into N.M. Tech and award of his diploma against the individually named Defendants.

### V. Plaintiff's Motion to Strike is moot

Plaintiff's Motion to Strike requests that the Court strike Defendants' MSJ because it "contain[s] material facts known to be false at the time of filing." [Doc. 106] at 1. Specifically, Plaintiff contends that Defendants falsely state that he failed two separate research critiques and that he engaged in "discourteous, abusive, and threatening behavior that resulted in the mass resignation of his entire doctoral advisory committee." *Id.* Because the material that Plaintiff contests has had no impact on the outcome of my analysis, I find that Plaintiff's Motion to Strike is moot and recommend that it be denied.

### Conclusion

I find that Plaintiff has properly alleged violations of the First and Fourteenth Amendments under § 1983, as well as violations of § 1981 and § 1985. Plaintiff's claim for money damages under § 1983 is barred. However, he should be permitted to continue seeking reenrollment into N.M. Tech and award of his doctoral diploma. Lastly, I find that Plaintiff's Motion to strike is moot.

**IT IS THEREFORE RESPECTFULLY RECOMMENDED** that Defendants' Motion for Summary Judgment on the Grounds of Qualified Immunity [Doc. 77] be **GRANTED in part** with respect to Plaintiff's § 1983 claims against New Mexico Institute of Mining & Technology, and that those claims be **DISMISSED**.

**IT IS FURTHER RECOMMENDED** that Defendants' Motion for Summary Judgment on the Grounds of Qualified Immunity [Doc. 77] be **GRANTED in part** with respect to Plaintiff's § 1983 claims for money damages against all Defendants and that those claims be **DISMISSED**.

**IT IS FURTHER RECOMMENDED** that Defendants' Motion for Summary Judgment on the Grounds of Qualified Immunity [Doc. 77] be **DENIED** with respect to Plaintiff's § 1983 claims against the individual Defendants.

**IT IS FURTHER RECOMMENDED** that Defendants' Motion for Summary Judgment on the Grounds of Qualified Immunity [Doc. 77] be **DENIED** with respect to Plaintiff's § 1981 and § 1985 claims against all Defendants.

**IT IS FURTHER RECOMMENDED** that Plaintiff's Motion to Strike Defendants' Motion for Summary Judgment . . . [Doc. 106] be **DENIED as moot**.[3]

---

[3] Filed concurrently with these proposed findings and recommended disposition, I have made findings on a number of dispositive motions submitted by Defendants. *See* [Docs. 51, 53, 55, 57, 77]. If the Court adopts all of my recommendations, Plaintiff's surviving claims shall be:
  1. Violation of Title VI against all Defendants.
  2. First Amendment retaliation under § 1983 against the individual Defendants.
  3. Equal protection under § 1983 against the individual Defendants.
  4. Violation of § 1981 against all Defendants.
  5. Violation of § 1985 against all Defendants.

11

> **THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN FOURTEEN DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition, they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). **A party must file any written objections with the Clerk of the District Court within the 14-day period if that party wants to have appellate review of the proposed findings and recommended disposition.  If no objections are filed, no appellate review will be allowed.**

_____
**STEPHAN M. VIDMAR**
**United States Magistrate Judge**