**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

**LINDSAY O'BRIEN QUARRIE,**

    **Plaintiff,**

**v.**                                                 **No. 13-cv-0349 MV/SMV**

**NEW MEXICO INST. OF MINING & TECH., et al.,**

    **Defendants.**

**MAGISTRATE JUDGE'S PROPOSED FINDINGS
AND RECOMMENDED DISPOSITION
TO DISMISS PLAINTIFF'S CLAIMS UNDER THE NEW MEXICO HUMAN RIGHTS
ACT, NEW MEXICO BULLYING PREVENTION CODE, AND TITLE VII**

THIS MATTER is before me sua sponte. The Honorable Martha Vázquez, United States District Judge, referred this case to me for analysis and recommendation of ultimate disposition. Order of Reference [Doc. 50]. Having considered the relevant law, and being fully advised in the premises, I recommend that Plaintiff's New Mexico Human Rights Act ("NMHRA") claim be dismissed for lack of subject matter jurisdiction and that his claims under the New Mexico bullying prevention code and Title VII be dismissed for failure to state a claim upon which relief can be granted.

I find that the Court is without jurisdiction to hear the merits of Plaintiff's claim under the NMHRA. If "the parties do not raise the question of lack of jurisdiction, it is the duty of the federal court to determine the matter *sua sponte*." *Okla. Tpk. Auth. v. Bruner*, 259 F.3d 1236, 1241 (10th Cir. 2001); *see also Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006) ("[C]ourts . . . have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party."). Here, Plaintiff's amended complaint alleges that

Defendants violated § 28-1-7 of the NMHRA.  [Doc. 8] at 34.  However, the NMHRA sets out a specific grievance procedure whereby violations are reported to the New Mexico Human Rights Division, and the Human Rights Commission normally conducts a hearing.  *See* NMSA 1978, § 28-1-10(A)–(F).  A trial may be held in state district court in lieu of a hearing when the complainant completes certain procedural requirements.  *See* NMSA 1978, § 28-1-10(J).  However, for any complaint tried under the NMHRA, the "jurisdiction of the [state] district court is exclusive and its judgment is final . . . ."  NMSA 1978, § 28-1-13(C); *Dominguez v. Stone*, 1981-NMCA-146, ¶ 23, 97 N.M. 211, 216.  Accordingly, this Court is without subject matter jurisdiction to decide Plaintiff's claim regarding the NMHRA, and it should be dismissed pursuant to Fed. R. Civ. P. 12(b)(1).

Additionally, Plaintiff's claim regarding the bullying prevention code should be dismissed for failure to state a claim upon which relief may be granted.  "Although dismissals under Rule 12(b)(6) typically follow a motion to dismiss, . . . a court may dismiss sua sponte when it is patently obvious that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile."  *Hall v. Bellmon*, 935 F.2d 1106, 1109–10 (10th Cir. 1991) (internal quotation marks omitted).  Plaintiff alleges that Defendants violated New Mexico's bullying prevention code, 6.12.7 NMAC.  The code "applies to local school boards, local school districts, and charter schools and governs policies to be adopted and implemented by local school districts with regards to addressing bullying."  6.12.7.8(A) NMAC.  Plaintiff has sued a public university and its employees, not a local school board, school district, or charter school as defined in the code.  *See* 6.12.7.7 NMAC.  Accordingly, Plaintiff cannot

state a claim against Defendants under 6.12.7 NMAC, and granting leave to amend would be futile. Thus, Plaintiff's claim under the New Mexico bullying prevention code should be dismissed with prejudice under Fed. R. Civ. P. 12(b)(6).

Lastly, Plaintiff's claim under Title VII should also be dismissed because Plaintiff has not alleged any sort of employment relationship. By its terms, Title VII prohibits discrimination by employers, employment agencies, and labor organization during hiring and employment. *See* 42 U.S.C. § 2000e–2. Furthermore, "Title VII protections apply only where there is some connection with an employment relationship." *Williams v. Meese*, 926 F.2d 994, 997 (10th Cir. 1991). Plaintiff does not allege that the New Mexico Institute of Mining and Technology ("N.M. Tech") was his employer or anything else that could be construed as an employment relationship subject to Title VII protections. *See generally* [Doc. 8]. Plaintiff was a student at N.M. Tech. *Id.* at 3. However, a student's relationship with a university is not normally considered an employment relationship. *See O'Connor v. Davis*, 126 F.3d 112, 116 (2d Cir. 1997) (holding that Title VII protections did not apply to a university student because no employment relationship existed in "the absence of either direct or indirect economic remuneration or the promise thereof."). Accordingly, Title VII is inapplicable to Plaintiff's case and Plaintiff's Title VII claim should be dismissed under Fed. R. Civ. P. 12(b)(6) for failure to state a claim.

**IT IS THEREFORE RESPECTFULLY RECOMMENDED** that Plaintiff's claim under the New Mexico Human Rights Act, NMSA 1978, § 28-1-7 be **DISMISSED without**

**prejudice**, and that his claims under the bullying prevention code, N.M. Admin. Code § 6.12.7, and Title VII be **DISMISSED with prejudice**.[1]

> **THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN FOURTEEN DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition, they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). **A party must file any written objections with the Clerk of the District Court within the 14-day period if that party wants to have appellate review of the proposed findings and recommended disposition.  If no objections are filed, no appellate review will be allowed.**

_____
**STEPHAN M. VIDMAR**
**United States Magistrate Judge**

---

[1] Filed concurrently with these proposed findings and recommended disposition, I have made findings on a number of dispositive motions submitted by Defendants. *See* [Docs. 51, 53, 55, 57, 77].  If the Court adopts all of my recommendations, Plaintiff's surviving claims shall be:
  1. Violation of Title VI against all Defendants.
  2. First Amendment retaliation under § 1983 against the individual Defendants.
  3. Equal protection under § 1983 against the individual Defendants.
  4. Violation of § 1981 against all Defendants.
  5. Violation of § 1985 against all Defendants.