IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

LINDSAY O'BRIEN QUARRIE,

    Plaintiff,

v.                                                                                    No. 13-cv-0349 MV/SMV

NEW MEXICO INST. OF MINING & TECH.,
BHASKAR MAJUMDAR, LORIE LIEBROCK,
KENNETH (KEN) MINSCHWANER,
SCOTT TEARE, DANIEL LOPEZ, and
PETER GERITY,

    Defendants.

**ORDER ADOPTING MAGISTRATE JUDGE'S
PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

THIS MATTER is before the Court on United States Magistrate Judge Stephan M. Vidmar's Proposed Findings and Recommended Disposition [Doc. 56] ("PF&RD"), filed November 21, 2012. On August 5, 2013, Plaintiff moved for a preliminary injunction requiring Defendant New Mexico Institute of Mining and Technology to re-enroll him and award him his diploma. Verified Petition for Temporary Injunction [Doc. 10] ("Verified Petition"). Additionally, on August 14, 2013, Plaintiff submitted a motion to supplement his Verified Petition with additional documentation. Motion to Supplement [Doc. 17]. Judge Vidmar recommended denying Plaintiff's Verified Petition because (1) Plaintiff had not demonstrated that he would suffer an irreparable injury without injunctive relief, and (2) Plaintiff had not demonstrated a substantial likelihood of prevailing on the merits. [Doc. 56] at 3. Judge Vidmar recommended denying Plaintiff's Motion to Supplement as moot because it contained no

substantive changes from Plaintiff's original motion. *Id.* at 1 n.2 & at 3. On November 25, 2013, Plaintiff filed his Objections [Doc. 59]. For the reasons stated below, the Court will overrule Plaintiff's Objections [Doc. 59], adopt the PF&RD [Doc. 56], deny Plaintiff's Verified Petition for Temporary Injunction [Doc. 10], and deny Plaintiff's Motion to Supplement [Doc. 17].

## LEGAL STANDARD

A district judge must "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which is objection is made." 28 U.S.C. § 636(b)(1). "[O]bjections to the magistrate judge's report must be both timely and specific to preserve an issue for de novo review by the district court[.]" *United States v. One Parcel of Real Property*, 73 F.3d 1057, 1060 (10th Cir. 1996). However, theories or arguments raised for the first time in objections to a magistrate judge's report are deemed waived. *United States v. Garfinkle*, 261 F.3d 1030, 1031 (10th Cir. 2001).

## DISCUSSION

Plaintiff raises eight objections to the PF&RD. First, he argues that the PF&RD should not have been issued "without a hearing and due process of law." [Doc. 59] at 1. Second, he argues that the PF&RD was premature because Defendants did not file a response. *Id.* at 2. Third, he states that he has shown all essential elements for the granting of a preliminary injunction. *Id.* Fourth, he argues he is suffering an injury due to "[D]efendant bearing false testimony [and] committing perjury" by stating that Plaintiff failed oral critiques of his research proposals. *Id.* Fifth, he argues that having his transcript state that he was terminated from his

graduate program harms his career opportunities. *Id.* at 3. Sixth, he argues that the Court should consider how denial of Plaintiff's request for injunctive relief would affect civil rights and cultural diversity. *Id.* at 2–3. Seventh, he argues that awarding him his diploma would favor the "national interest" by increasing the number of Americans with doctoral degrees in engineering. *Id*. at 3. Lastly, Plaintiff objects to the denial of his Motion to Supplement, stating that "Plaintiff [sic] motion to Supplement verified petition with additional information is not moot but supplements [his] verified petition with additional information important to the case." *Id.*

Plaintiff's first objection—that he was entitled to a hearing before the PF&RD was issued—is without merit for two reasons. First, Plaintiff never requested a hearing on either of his motions. *See generally* [Docs. 10, 17]. Second, the Court is not required to hold a hearing before ruling. *See* D.N.M. LR-Civ. 7.6(a) ("A motion will be decided on the briefs unless the Court sets oral argument."); Fed. R. Civ. P. 78(b) ("By rule or order, the court may provide for submitting and determining motions on briefs, without oral hearings."); *Hazen v. S. Hills Nat'l Bank of Tulsa*, 414 F.2d 778, 780 (10th Cir. 1969) ("The trial court did not abuse its discretion in not permitting oral argument."). Thus, Plaintiff was not entitled to a hearing before Judge Vidmar entered the PF&RD, and his first objection is overruled.

Plaintiff's second objection—that Judge Vidmar should have waited for a response from Defendants before entering the PF&RD—is also without merit. Due process and the federal rules require that any non-moving parties be put on notice and given an opportunity to respond before a preliminary injunction may be issued against them. *See Wyandotte Nation v. Sebelius*, 443 F.3d 1247, 1252−53 (10th Cir. 2006); Fed. R. Civ. P. 65(a). However, these requirements

do not entitle Plaintiff to a response from Defendants. Plaintiff has suffered no prejudice and lacks standing to raise any objection that Defendants have not had an opportunity to respond. Accordingly, Plaintiff's second objection is overruled.

Plaintiff's third objection—that he has demonstrated all requirements for a preliminary injunction[1]—is overruled because he fails to make the necessary showing in two ways. First, Plaintiff has not presented sufficient evidence demonstrating a substantial likelihood of success on the merits. Plaintiff's Verified Petition states that "[t]here is a substantial likelihood that [P]etitioner will prevail in this action, because the facts obtained on the record by discovery will reveal that [R]espondent has severely abused [P]etitioner and violated his civil and human rights . . ." [Doc. 10] at 3. However, Plaintiff may not rely on the unsubstantiated possibility of discovering evidence at a later date to avoid the requirement that he demonstrate a substantial likelihood of success on the merits of his claims. *See Dominion Video Satellite, Inc. v. Echostar Satellite Corp.*, 356 F.3d 1256, 1261 (10th Cir. 2004) (noting that unsubstantiated conclusory allegations are insufficient to justify issuance of a preliminary injunction); *Blango v. Thornburgh,* 942 F.2d 1487, 1493 (10th Cir. 1991) (holding that injunctive relief was properly denied where the movant only provided "conclusory reiterations of the requirements for an injunction couched in the form of declarative statements."). Second, the Court finds no evidence that Plaintiff will suffer an irreparable injury if his motion is denied. Plaintiff has presented no

---

[1] Plaintiff's third objection states that he has "shown all the essential elements for granting of a temporary injunction, please refer to details in the preliminary injunction." [Doc. 59] at 2. No preliminary injunction has been issued in this case. Because Petitioner is proceeding pro se, I construe his statement as a reference to the arguments presented in his Verified Petition for Temporary Injunction [Doc. 10] and Motion to Supplement [Doc. 17]. *See Hall v. Belmon*, 935 F.3d 1106, 1100 & n.3 (10th Cir. 1991) (indicating that pleadings are to be "construed liberally" in all proceedings involving a pro se plaintiff). However, because it is not "the proper function of the district court to assume the role of advocate for the pro se litigant," *id.*, the Court strongly encourages Plaintiff to seek assistance of counsel.

evidence in his motions demonstrating he is suffering the alleged damage to his career, reputation, or health, or would suffer further injury if denied a preliminary injunction.  *See* [Doc. 10] at 2; [Doc. 17-1] at 2.  Because Plaintiff has not demonstrated an irreparable injury, he cannot demonstrate that the balance of harms points in his favor.  Therefore, Plaintiff fails to demonstrate the required elements, and his third objection is overruled.  *See O Centro Espirita Beneficiente Uniao Do Vegetal v. Ashcroft*, 389 F.3d 973, 976 (10th Cir. 2004) (requiring the movant to "make a strong showing both with regard to the likelihood of success on the merits and with regard to the balance of harms").

Next, the Court finds that Plaintiff's objections four through seven were are waived because they were not presented to the magistrate judge.  *See Garfinkle*, 261 F.3d at 1031.  Plaintiff did not raise Defendants' alleged "perjury" or injuries caused by his transcript in either of his motions.  *See generally* [Docs. 10, 17].  Nor did he raise the issues of how granting an injunction might affect civil rights or the national interest.  *Id*.  Thus, Plaintiff's objections four through seven are waived.  Furthermore, even if Plaintiff's objections were not waived, the Court determines that they would be meritless.  Plaintiff has not presented any evidence substantiating objections four through seven.  Thus, objections four through seven are overruled.

Lastly, Plaintiff's objection to the denial of his Motion to Supplement is also without merit.  On de novo review, the Court finds that Plaintiff's Motion to Supplement presents the same substance as his original motion, with the exception of minor typographical changes.  Plaintiff's Motion to Supplement presents no new argument or evidence that would alter the Court's analysis of Plaintiff's original motion, and it is thus superfluous.  Having already

considered everything presented in Plaintiff's Motion to Supplement [Doc. 17], the Court finds that the motion was properly denied, and therefore Plaintiff's objection is overruled.

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** that Plaintiff's Objections [Doc. 59] are **OVERRULED**.

**IT IS FURTHER ORDERED** that the Magistrate Judge's Proposed Findings and Recommended Disposition [Doc. 56] are **ADOPTED**.

**IT IS FURTHER ORDERED** that Plaintiff's Verified Petition for Temporary Injunction [Doc. 10] is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Supplement [Doc. 17] is **DENIED**.

_____
MARTHA VAZQUEZ
UNITED STATES DISTRICT JUDGE