**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

**LINDSAY O'BRIEN QUARRIE,**

    **Plaintiff,**

v.                                                               No. 13-cv-0349 MV/SMV

**NEW MEXICO INST. OF MINING & TECH.,**
**BHASKAR MAJUMDAR, LORIE LIEBROCK,**
**KENNETH (KEN) MINSCHWANER,**
**SCOTT TEARE, DANIEL LOPEZ, and**
**PETER GERITY,**

    **Defendants.**

**ORDER ADOPTING MAGISTRATE JUDGE'S**
**PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**
**TO GRANT IN PART AND DENY IN PART**
**DEFENDANTS' MOTION TO DISMISS CLAIMS UNDER THE CIVIL RIGHTS ACT**

THIS MATTER is before the Court on United States Magistrate Judge Stephan M. Vidmar's Proposed Findings and Recommended Disposition to Grant in Part and Deny in Part Defendants' Motion to Dismiss Claims Under the Civil Rights Act [Doc. 107] ("PF&RD"), filed on February 25, 2014. In the PF&RD, Judge Vidmar recommended that Defendants' Motion to Dismiss Claim[s] Under the Civil Rights Act . . . [Doc. 51] ("Motion to Dismiss") be granted with respect to Plaintiff's Title III claim because Title III does not provide a private right of action. [Doc. 107] at 2. Additionally, Judge Vidmar found that Plaintiff's Title III claim should be dismissed because it was related to denial of access to facilities at a public college, which is specifically excluded from Title III's ambit. *Id.* at 2–3. Lastly, Judge Vidmar recommended that Defendants' Motion to Dismiss be denied on Plaintiff's Title VI claim. Plaintiff, proceeding pro

se, filed his objections [Doc. 114] on March 10, 2014. Defendants have filed no objection to the PF&RD, and the time for filing objections has passed. On de novo review, the Court will overrule Plaintiff's objections [Doc. 114], adopt the PF&RD [Doc. 107], and grant in part and deny in part Defendants' Motion to Dismiss [Doc. 51].

## LEGAL STANDARD

A district judge must "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which is objection is made." 28 U.S.C. § 636(b)(1). "[O]bjections to the magistrate judge's report must be both timely and specific to preserve an issue for de novo review by the district court[.]" *United States v. 212 E. 30th St.*, 73 F.3d 1057, 1060 (10th Cir. 1996). However, theories or arguments raised for the first time in objections to a magistrate judge's report are deemed waived. *United States v. Garfinkle*, 261 F.3d 1030, 1031 (10th Cir. 2001).

## ANALYSIS

In his objections, Plaintiff states, *inter alia*,[1] that his surviving claims should include his Title III claim. *See* [Doc. 114] at 1. Plaintiff provides no specific reasoning for why his Title III claim should survive. Instead, Plaintiff only provides a conclusory assertion that "[t]he Civil Rights [A]ct of 1964 under TITLE III prohibits state and municipal governments from denying access to public facilities on grounds of race, color, religion or national origin." *Id.* Accordingly, Plaintiff's objections are not specific enough to present any issue for review. *See*

---

[1] In his objections [Doc. 114], Plaintiff also objects to Judge Vidmar's recommendations, made in other PF&RDs, to dismiss Plaintiff's Title VII and state tort claims. Those objections do not relate to the claims at issue in the present PF&RD and are addressed by a separate order.

2

*212 E. 30th St.*, 73 F.3d at 1060 ("Just as a complaint stating only 'I complain' states no claim, an objection stating only 'I object' preserves no issue for review.").

Nevertheless, on de novo review, the Court finds that Plaintiff's Title III claims still fail. First, Title III does not provide a private right of action, and therefore, private individuals may not file suit on a Title III claim. *See Regents of Univ. of Cal. v. Bakke*, 438 U.S. 265, 381 (1978) (White, J., concurring). Secondly, even if private individuals could bring Title III claims, Plaintiff's Title III claim would fail because it relates to denial of facilities at a public college. Such claims are specifically excluded by Title III. *See* 42 U.S.C. § 2000b(a). Accordingly, Plaintiff's objections shall be overruled, and Plaintiff's Title III claim shall be dismissed.

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** that Plaintiff's objections regarding his Title III claim [Doc. 114] are **OVERRULED**.

**IT IS FURTHER ORDERED** that the Magistrate Judge's Proposed Findings and Recommended Disposition to Grant in Part and Deny in Part Defendants' Motion to Dismiss Claims Under the Civil Rights Act [Doc. 107] are **ADOPTED**.

**IT IS FURTHER ORDERED** that Defendants' Motion to Dismiss Claim[s] Under the Civil Rights Act . . . [Doc. 51] is **GRANTED in part** with respect to Plaintiff's Title III claim, and Plaintiff's Title III claim is hereby **DISMISSED with prejudice**. Defendants' Motion to

Dismiss Claim[s] Under the Civil Rights Act . . . [Doc. 51] is **DENIED in part** with respect to Plaintiff's Title VI claim.[2]

  **IT IS SO ORDERED.**

_____
**MARTHA VAZQUEZ
UNITED STATES DISTRICT JUDGE**

---

[2] Upon resolution of the PF&RDs [Docs. 107–112] filed by the magistrate judge on February 25, 2014, Plaintiff's surviving claims are:
  1. Violation of Title VI against all Defendants.
  2. First Amendment retaliation under § 1983 against the individual Defendants (for injunctive relief only).
  3. Equal protection under § 1983 against the individual Defendants (for injunctive relief only).
  4. Violation of § 1981 against all Defendants.
  5. Violation of § 1985 against all Defendants.
Plaintiff may also file a supplement to his amended complaint—no longer than two pages—asserting sufficient factual allegations to state a Title VII claim, by no later than April 11, 2014.