IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

LINDSAY O'BRIEN QUARRIE,

    Plaintiff,

v.                                                                                                                              No. 13-cv-0349 MV/SMV

NEW MEXICO INST. OF MINING & TECH.,
BHASKAR MAJUMDAR, LORIE LIEBROCK,
KENNETH (KEN) MINSCHWANER,
SCOTT TEARE, DANIEL LOPEZ, and
PETER GERITY,

    Defendants.

**ORDER ADOPTING MAGISTRATE JUDGE'S
PROPOSED FINDINGS AND RECOMMENDED DISPOSITION
TO DISMISS PLAINTIFF'S STATE TORT CLAIMS**

THIS MATTER is before the Court on United States Magistrate Judge Stephan M. Vidmar's Proposed Findings and Recommended Disposition to Dismiss Plaintiff's State Tort Claims [Doc. 108] ("PF&RD"), filed on February 25, 2014.  In the PF&RD, Judge Vidmar recommended that Defendants' Motion to Dismiss Tort Claims for Lack of Subject Matter Jurisdiction and Failure to State a Claim . . . [Doc. 53] ("Motion to Dismiss") be granted, and that Plaintiff's state tort claims—abuse of process, slander, libel, defamation, conspiracy, duress, intentional infliction of emotional distress, negligent infliction of emotional distress, and malicious prosecution—be dismissed under Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction. [Doc. 108] at 4–5. Judge Vidmar determined (1) that Defendants are entitled to sovereign immunity; (2) that the waiver of sovereign immunity in the New Mexico Tort Claims Act ("NMTCA") did not extend to the type of claims brought by Plaintiff; and (3) that any

waiver of sovereign immunity found in the NMTCA only allowed individuals to bring their tort claims in state court, not federal court. *Id.* at 3–4. Plaintiff, proceeding pro se, filed a first set of objections [Doc. 114] on March 10, 2014, and a second set of objections [Doc. 118] on March 14, 2014. On de novo review, the Court will overrule Plaintiff's objections [Docs. 114, 118], adopt the PF&RD [Doc. 108], and grant Defendants' Motion to Dismiss [Doc. 53].

## LEGAL STANDARD

A district judge must "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which is objection is made." 28 U.S.C. § 636(b)(1). "[O]bjections to the magistrate judge's report must be both timely and specific to preserve an issue for de novo review by the district court[.]" *United States v. 212 E. 30th St.*, 73 F.3d 1057, 1060 (10th Cir. 1996). However, theories or arguments raised for the first time in objections to a magistrate judge's report are deemed waived. *United States v. Garfinkle*, 261 F.3d 1030, 1031 (10th Cir. 2001).

## ANALYSIS

In his first set of objections, Plaintiff states, *inter alia*,[1] that his surviving claims should include his state tort claims. *See* [Doc. 114] at 2. However, he provides no reasoning for why his state tort claims should survive. Accordingly, his first objections are not specific enough to present any issue for review. *See 212 E. 30th St.*, 73 F.3d at 1060 ("Just as a complaint stating

---

[1] In his first set of objections [Doc. 114], Plaintiff also objects to Judge Vidmar's recommendations, made in other PF&RDs, to dismiss Plaintiff's Title III and Title VII claims. Those objections do not relate to the claims at issue in the present PF&RD and are addressed by a separate order.

only 'I complain' states no claim, an objection stating only 'I object' preserves no issue for review.").

Plaintiff's second set of objections to the PF&RD [Doc. 118] offers only one specific objection. Plaintiff's argument, in its entirety, is that:

> Federal courts have jurisdiction over such claims, but apply the law of the State where the act or omission occurred, 28 U.S.C. § 1346(b).  *See* [*Okland*] *Oil Co. v. Conoco, Inc.*,[] 144 F.3d 1308 (10th Cir. 1998).

[Doc. 118] at 1 (italics added).  Plaintiff's second objections are entirely without basis in law. States may not be sued in federal court unless they consent to it "in unequivocal terms" or unless Congress abrogates their sovereign immunity.  *Green v. Mansour*, 474 U.S. 64, 68 (1985).  This immunity extends to the state defendants in this case.  *See Buchwald v. Univ. of N.M. Sch. of Med.*, 159 F.3d 487, 494–95 & 494 n. 3 (10th Cir. 1998).  Additionally, federal courts may not exercise supplemental jurisdiction against non-consenting state defendants on state law claims. *See Raygor v. Regents of Univ. of Minn.*, 534 U.S. 533, 541 (2002).

Plaintiff's reference to 28 U.S.C. § 1346 is inapposite.  That section describes the jurisdiction of federal courts in cases where the United States is a defendant.  Plaintiff has not sued the United States, and therefore, § 1346 does not apply.  Similarly, Plaintiff's reference to *Okland Oil Co.* is irrelevant.  That case involved a dispute between two oil companies, neither of which invoked sovereign immunity or would have been entitled to do so.  *See Okland Oil Co.*, 144 F.3d at 1312.  Therefore, nothing in that case supports the proposition that a federal court may exercise jurisdiction on state law claims where sovereign immunity has been invoked. Accordingly, Plaintiff's objections shall be overruled.

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** that Plaintiff's first objections relating to his state tort claims in [Doc. 114], as well as his second objections [Doc. 118], are **OVERRULED**.

**IT IS FURTHER ORDERED** that the Magistrate Judge's Proposed Findings and Recommended Disposition to Dismiss Plaintiff's State Tort Claims [Doc. 108] are **ADOPTED**.

**IT IS FURTHER ORDERED** that Defendants' Motion to Dismiss Tort Claims for Lack of Subject Matter Jurisdiction and Failure to State a Claim . . . [Doc. 53] is **GRANTED**. The following claims, as numbered in Plaintiff's Amended Complaint [Doc. 8], are hereby **DISMISSED without prejudice** for lack of subject matter jurisdiction:

1. Count One: Abuse of Process
2. Count Two: Slander, Libel, and Defamation
3. Count Three: Conspiracy
4. Count Four: Duress
5. Count Six: Intentional Infliction of Emotional Distress and Negligent Infliction of Emotional Distress
6. Count Seven: Malicious Prosecution[2]

**IT IS SO ORDERED.**

_____
**MARTHA VÁZQUEZ**
**UNITED STATES DISTRICT JUDGE**

---

[2] Upon resolution of the PF&RDs [Docs. 107–112] filed by the magistrate judge on February 25, 2014, Plaintiff's surviving claims are:
    1. Violation of Title VI against all Defendants.
    2. First Amendment retaliation under § 1983 against the individual Defendants (for injunctive relief only).
    3. Equal protection under § 1983 against the individual Defendants (for injunctive relief only).
    4. Violation of § 1981 against all Defendants.
    5. Violation of § 1985 against all Defendants.
Plaintiff may also file a supplement to his amended complaint—no longer than two pages—asserting sufficient factual allegations to state a Title VII claim, by no later than April 11, 2014.