IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**LINDSAY O'BRIEN QUARRIE,**

    **Plaintiff,**

v.   No. 13-cv-0349 MV/SMV

**NEW MEXICO INST. OF MINING & TECH.,**
**BHASKAR MAJUMDAR, LORIE LIEBROCK,**
**KENNETH (KEN) MINSCHWANER,**
**SCOTT TEARE, DANIEL LOPEZ, and**
**PETER GERITY,**

    **Defendants.**

### ORDER ADOPTING MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION TO DISMISS PLAINTIFF'S BREACH OF CONTRACT CLAIMS

THIS MATTER is before the Court on United States Magistrate Judge Stephan M. Vidmar's Proposed Findings and Recommended Disposition to Dismiss Plaintiff's Breach of Contract Claims [Doc. 110] ("PF&RD"), filed on February 25, 2014. In the PF&RD, Judge Vidmar determined that Defendants were entitled to sovereign immunity for all breach-of-contract claims not involving a *written* contract. [Doc. 110] at 3. Judge Vidmar also determined that no *written* contract exists in this case. *Id.* at 3–6. Accordingly, Judge Vidmar recommended that the Court grant Defendants' Motion to Dismiss Breach of Contract Claim . . . [Doc. 57] ("Motion to Dismiss") and dismiss Plaintiff's contract claims. *Id.* at 6. Plaintiff, proceeding pro se, filed his objections on March 14, 2014. [Doc. 116]. On de novo review, the Court will overrule Plaintiff's objections, adopt the PF&RD, and grant Defendants' Motion to Dismiss.

**LEGAL STANDARD**

A district judge must "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which is objection is made." 28 U.S.C. § 636(b)(1). "[O]bjections to the magistrate judge's report must be both timely and specific to preserve an issue for de novo review by the district court[.]" *United States v. 212 E. 30th St.*, 73 F.3d 1057, 1060 (10th Cir. 1996). However, theories or arguments raised for the first time in objections to a magistrate judge's report are deemed waived. *United States v. Garfinkle*, 261 F.3d 1030, 1031 (10th Cir. 2001).

**ANALYSIS**

In his objections, Plaintiff provides no specific reason for objecting to Judge Vidmar's recommendations. Instead, Plaintiff simply refers the Court to his amended complaint and to his Proposed Academic Program / Plan of Study ("Proposed Program") [Doc. 58] at 8–15. Additionally, he submits two items not presented to the magistrate judge: a memorandum from New Mexico Institute of Mining & Technology's ("N.M. Tech") president outlining Plaintiff's program requirements and an email purportedly accepting N.M. Tech's final offer of settlement while rejecting some of the terms contained therein. [Doc. 116] at 4–7 & at 8–9.

Because Plaintiff does not specify any reason for objecting to the PF&RD, his objections are not specific enough to present any issue for review. *See 212 E. 30th St.*, 73 F.3d at 1060 ("Just as a complaint stating only 'I complain' states no claim, an objection stating only 'I object' preserves no issue for review."). Furthermore, on de novo review, the Court agrees with

Judge Vidmar's findings that Plaintiff's Proposed Program does not constitute a contract. *See* [Doc. 110] at 4–5.

Additionally, the Court is not required to consider evidence not presented to the magistrate judge and declines to do so. *See Gonzales v. Qwest Commc'ns Corp.*, 160 F. App'x 688, 690 (10th Cir. 2005) (unpublished) (holding that a district court did not abuse its discretion by refusing to accept evidence not presented to the magistrate judge); *Garfinkle*, 261 F.3d at 1031. Even if the Court were to consider the documents submitted by Plaintiff, his contract claims would still be dismissed because those documents do not evidence an agreement, much less a written contract. The memorandum outlining Plaintiff's academic requirements is precisely that—an outline. The memorandum contains no promissory language and, therefore, does not demonstrate intent by the parties to enter into a binding contract. *Compare* [Doc. 116] at 4–7, *with Ruegsegger v. Bd. of Regents of W. N.M. Univ.*, 2007-NMCA-030, ¶ 30, 141 N.M. 306, 313 (finding that the non-promissory language contained in a student handbook set out a "general framework of policies" and was therefore insufficient to impose contractual obligations on a university).

Similarly, the email purporting to accept N.M. Tech's final settlement offer did not form a written contract. Plaintiff did not unconditionally accept the offer made by N.M. Tech because he refused to accept two terms: (1) that the preliminary injunction be made permanent, and (2) that he remove all references and representations that he had already earned his degree. *See* [Doc. 116] at 8–9. Under New Mexico law, his attempt to accept N.M. Tech's offer while modifying its terms constituted a counteroffer, not an acceptance. *See Corr v. Braasch*, 1981-

NMSC-137, ¶ 9, 97 N.M. 279, 281; Restatement (Second) of Contracts § 59 (1981).  Unless N.M. Tech accepted Plaintiff's counteroffer, no agreement was reached and certainly no written contract was formed.  *See Corr*, 1981-NMSC-137, ¶ 10.  There is no dispute that Defendants rejected his counteroffer, and therefore, Plaintiff has failed to demonstrate that any contract exists.

Therefore, the Court concurs with Judge Vidmar's determination that no written contract exists in this case.  In the absence of a written contract, Defendants are entitled to sovereign immunity on any breach-of-contract claim.  *See* NMSA 1978, § 37-1-23(A).  Accordingly, Plaintiff's breach-of-contract claims shall be dismissed.

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** that Plaintiff's objections [Doc. 116] are **OVERRULED** and the Magistrate Judge's Proposed Findings and Recommended Disposition to Dismiss Plaintiff's Breach of Contract Claims [Doc. 110] are **ADOPTED.**

**IT IS FURTHER ORDERED** that Defendants' Motion to Dismiss Breach of Contract Claim . . . [Doc. 57] is **GRANTED.**  Plaintiff's breach-of-contract claims are **DISMISSED with prejudice**.[1]

---

[1] Upon resolution of the PF&RDs [Docs. 107–112] filed by the magistrate judge on February 25, 2014, Plaintiff's surviving claims are:
    1. Violation of Title VI against all Defendants.
    2. First Amendment retaliation under § 1983 against the individual Defendants (for injunctive relief only).
    3. Equal protection under § 1983 against the individual Defendants (for injunctive relief only).
    4. Violation of § 1981 against all Defendants.
    5. Violation of § 1985 against all Defendants.
Plaintiff may also file a supplement to his amended complaint—no longer than two pages—asserting sufficient factual allegations to state a Title VII claim, by no later than April 11, 2014.

**IT IS SO ORDERED.**

_____
**MARTHA VÁZQUEZ
UNITED STATES DISTRICT JUDGE**