IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

LINDSAY O'BRIEN QUARRIE,

    Plaintiff,

v.                                                          No. 13-cv-0349 MV/SMV

NEW MEXICO INST. OF MINING & TECH.,
BHASKAR MAJUMDAR, LORIE LIEBROCK,
KENNETH (KEN) MINSCHWANER,
SCOTT TEARE, DANIEL LOPEZ, and
PETER GERITY,

    Defendants.

### ORDER ADOPTING MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION TO GRANT IN PART AND DENY IN PART DEFENDANTS' MOTION FOR SUMMARY JUDGMENT ON QUALIFIED IMMUNITY AND DENYING PLAINTIFF'S MOTION FOR INJUNCTIVE RELIEF

THIS MATTER is before the Court on United States Magistrate Judge Stephan M. Vidmar's Proposed Findings and Recommended Disposition to Grant in Part and Deny in Part Defendants' Motion for Summary Judgment on Qualified Immunity [Doc. 111] ("PF&RD"), filed on February 25, 2014, and Plaintiff's Motion for Injunctive Relief [Doc. 119], filed on March 17, 2014. Plaintiff, proceeding pro se, filed his objections to the PF&RD on March 14, 2014. [Doc. 117]. Defendants have not filed objections to the PF&RD, and the time for doing so has passed. Defendants have not yet responded to the Motion for Injunctive relief, but no response is needed. On de novo review, the Court will overrule Plaintiff's objections, adopt the PF&RD, and grant in part and deny in part Defendants' Motion for Summary Judgment on the

Grounds of Qualified Immunity [Doc. 77] ("MSJ").  Additionally, the Court will deny Plaintiff's Motion for Injunctive Relief [Doc. 119] because it is premature.

## BACKGROUND

In the PF&RD, Judge Vidmar recommended denying Defendants' MSJ because Plaintiff had properly alleged claims under § 1983 for First Amendment retaliation and violation of equal protection under Fourteenth Amendment.  [Doc. 111] at 3–7.  Additionally, Judge Vidmar determined that Defendants' MSJ should be denied with respect to Plaintiff's § 1981 and § 1985 claims.  *Id.* at 7–8.  Judge Vidmar also determined that Plaintiff's claim for money damages under § 1983 was barred but that Plaintiff could continue to pursue injunctive relief for reenrollment and award of his diploma.  *Id.* at 8–9.  Lastly, Judge Vidmar recommended denying Plaintiff's Motion to Strike Defendants' MSJ [Doc. 106] because Plaintiff requested striking material that had no bearing on the outcome of Judge Vidmar's analysis.  [Doc. 111] at 10.

On March 17, 2014, Plaintiff filed a motion for injunctive relief seeking reenrollment and award of his diploma, in which he quoted extensively from the PF&RD.  [Doc. 119] at 1–2.

## LEGAL STANDARD FOR REVIEW OF RECOMMENDATIONS

A district judge must "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which is objection is made." 28 U.S.C. § 636(b)(1).  "[O]bjections to the magistrate judge's report must be both timely and specific to preserve an issue for de novo review by the district court[.]"  *United States v. 212 E. 30th St.*, 73 F.3d 1057, 1060 (10th Cir. 1996).  However, theories or arguments raised for the first time in

2

objections to a magistrate judge's report are deemed waived. *United States v. Garfinkle*, 261 F.3d 1030, 1031 (10th Cir. 2001).

## ANALYSIS OF THE OBJECTIONS TO THE PF&RD

Plaintiff raises only one specific objection to the PF&RD. In its entirety, his argument is that:

> Defendants['] motion must be struck as a matter of law since it contains items known to be false at the time of filing. See First MOTION to Strike 77 MOTION for Summary Judgment *on the Grounds of Qualified Immunity Material Facts Known to be False* by Lindsay O'Brien Quarrie.

[Doc. 117] at 1. Plaintiff's argument is incorrect on a number of grounds. First, under Fed. R. Civ. P. 12(f), "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Assuming that false statements fall into the category of "scandalous matter," the Rule would not require that the Court to strike the entire filing, rather, the Court would choose to strike only the scandalous material. *See* 5C Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* § 1382, at 433–36 (3d ed. 2004) (noting that a district courts possesses "considerable discretion" in disposing of motions to strike). Second, the Rule only allows courts to strike matters from *pleadings*, and a motion for summary judgment is not a pleading. *See* Fed. R. Civ. P. 7(a) (defining pleadings); *see also Searcy v. Soc. Sec. Admin.*, 956 F.2d 278, 1992 WL 43490, at *2 (10th Cir. 1992) (unpublished table opinion) ("[T]here is no provision in the Federal Rules of Civil Procedure for motions to strike motions . . . ."). Accordingly, Plaintiff's Motion to Strike Defendants' MSJ shall be denied and provides no basis for rejecting the magistrate judge's PF&RD.

Plaintiff provides no other reason for objecting to any of Judge Vidmar's other findings, including his finding that Plaintiff's claims for monetary damages under §1983 are barred. *See generally* [Doc. 117]. Rather, Plaintiff merely states that he "respectfully objects" to the PF&RD. [Doc. 117] at 1. Therefore, his objections are not specific enough to present any further issues for review. *See 212 E. 30th St.*, 73 F.3d at 1060 ("Just as a complaint stating only 'I complain' states no claim, an objection stating only 'I object' preserves no issue for review."). Accordingly, his objections are overruled with respect to Judge Vidmar's remaining findings and recommendations, including the finding that Plaintiff's claims for monetary damages under § 1983 are barred.

## ANALYSIS OF PLAINTIFF'S MOTION FOR INJUNCTIVE RELIEF

In the PF&RD, Judge Vidmar found that although Plaintiff's claims for money damages under § 1983 were barred, "he should be permitted to continue seeking reenrollment into N.M. Tech and award of his doctoral diploma" because he had properly alleged violations of the First and Fourteenth Amendments. [Doc. 111] at 10. Quoting extensively from the PF&RD, Plaintiff's Motion for Injunctive Relief seeks "official reenrollment and update of graduate transcript to show such and award of earned doctorate in Materials Engineering." [Doc. 119] at 1. By this motion, Plaintiff seeks the ultimate relief requested in this case.

This Court has already denied a prior request for a preliminary injunction, *see* [Docs. 66, 86], which was further denied by the Tenth Circuit on appeal, *see* [Doc. 113]. Based on the prior history of this case, the nature of the requested relief, and the motion having been docketed as a "First Motion for Permanent Injunction," the Court interprets Plaintiff's Motion for

Injunctive Relief as a request for a permanent injunction, despite the fact that Plaintiff does not use the phrase "permanent injunction" in his motion. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (noting that a "pro se litigant's pleadings are to be construed liberally.")

To obtain a permanent injunction, a party must demonstrate the following elements: "(1) actual success on the merits; (2) irreparable harm unless the injunction is issued; (3) the threatened injury outweighs the harm that the injunction may cause the opposing party; and (4) the injunction, if issued, will not adversely affect the public interest." *Sw. Stainless, LP v. Sappington*, 582 F.3d 1176, 1191 (10th Cir. 2009). Although Judge Vidmar found that Plaintiff had properly stated certain claims—and therefore was not prevented from seeking injunctive relief—the merits of those claims have not yet been adjudicated. Because the merits have not been resolved, Plaintiff cannot demonstrate actual success *at this time*. Accordingly, Plaintiff's Motion for Injunctive Relief is premature and will be denied as unripe.[1]

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** that Plaintiff's objections [Doc. 117] are **OVERRULED** and the Magistrate Judge's Proposed Findings and Recommended Disposition to Grant in Part and Deny in Part Defendants' Motion for Summary Judgment on Qualified Immunity [Doc. 111] are **ADOPTED.**

**IT IS FURTHER ORDERED** that Defendants' Motion for Summary Judgment on the Grounds of Qualified Immunity [Doc. 77] is **GRANTED in part** with respect to Plaintiff's claims for money damages under § 1983**.** Plaintiff's claims for money damages under § 1983

---

[1] Plaintiff's Motion for Injunctive Relief and Motion to Strike Defendants' MSJ both reveal fundamental misunderstandings about the Federal Rules of Civil Procedure and how cases progress in federal court. The Court reminds Plaintiff that it is not "the proper function of the district court to assume the role of advocate for the pro se litigant," *Hall*, 935 F.3d at 1110. Because the Court cannot advise Plaintiff about how to seek resolution of his claims, the Court again strongly encourages Plaintiff to obtain assistance of counsel.

are **DISMISSED with prejudice**. Defendants' Motion for Summary Judgment on the Grounds of Qualified Immunity [Doc. 77] is **DENIED in part** with respect to Plaintiff's § 1983 claims for First Amendment retaliation and violation of equal protection, as well as Plaintiff's § 1981 and § 1985 claims.[2]

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Strike Defendants' Motion for Summary Judgment . . . [Doc. 106] is **DENIED.**

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Injunctive Relief [Doc. 119] is **DENIED.**

**IT IS SO ORDERED.**

_____
**MARTHA VÁZQUEZ**
**UNITED STATES DISTRICT JUDGE**

---

[2] Upon resolution of the PF&RDs [Docs. 107–112] filed by the magistrate judge on February 25, 2014, Plaintiff's surviving claims are:
1. Violation of Title VI against all Defendants.
2. First Amendment retaliation under § 1983 against the individual Defendants (for injunctive relief only).
3. Equal protection under § 1983 against the individual Defendants (for injunctive relief only).
4. Violation of § 1981 against all Defendants.
5. Violation of § 1985 against all Defendants.

Plaintiff may also file a supplement to his amended complaint—no longer than two pages—asserting sufficient factual allegations to state a Title VII claim, by no later than April 11, 2014.