## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

LINDSAY O'BRIEN QUARRIE,

      **Plaintiff,**

v.                                        **No. 13-cv-0349 MV/SMV**

NEW MEXICO INST. OF MINING & TECH.,
BHASKAR MAJUMDAR, LORIE LIEBROCK,
KENNETH (KEN) MINSCHWANER,
SCOTT TEARE, DANIEL LOPEZ, and
PETER GERITY,

      **Defendants.**

### ORDER ADOPTING IN PART MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION TO DISMISS PLAINTIFF'S CLAIMS UNDER THE NEW MEXICO HUMAN RIGHTS ACT, NEW MEXICO BULLYING PREVENTION CODE, AND TITLE VII

THIS MATTER is before the Court on United States Magistrate Judge Stephan M. Vidmar's Proposed Findings and Recommended Disposition to Dismiss Plaintiff's Claims Under the New Mexico Human Rights Act, New Mexico Bullying Prevention Code, and Title VII [Doc. 112] ("PF&RD"), filed on February 25, 2014. In the PF&RD, Judge Vidmar recommended that Plaintiff's claims under the New Mexico Human Rights Act ("NMHRA") be dismissed sua sponte for lack of subject matter jurisdiction and that his claim under the New Mexico's bullying prevention code be dismissed for failure to state a claim. [Doc. 112] at 1–3. Judge Vidmar further recommended that Plaintiff's Title VII claim be dismissed because Plaintiff had not alleged any sort of employment relationship with Defendants in his amended complaint. *Id.* at 3. Plaintiff, proceeding pro se, objected to the dismissal of his Title VII claim

on March 10, 2014.  [Doc. 114].[1]  For the reasons stated below, the Court will sustain Plaintiff's

Title VII objection, reject the PF&RD with respect to the Title VII claim, and adopt the PF&RD

with respect to dismissing the claims under the NMHRA and New Mexico's bullying prevention

code.

## LEGAL STANDARD

A district judge must "make a de novo determination of those portions of the report or

specified proposed findings or recommendations to which is objection is made." 28 U.S.C.

§ 636(b)(1).  "[O]bjections to the magistrate judge's report must be both timely and specific to

preserve an issue for de novo review by the district court[.]"  *United States v. 212 E. 30th St.*, 73

F.3d 1057, 1060 (10th Cir. 1996).  However, theories or arguments raised for the first time in

objections to a magistrate judge's report are deemed waived.  *United States v. Garfinkle*, 261

F.3d 1030, 1031 (10th Cir. 2001).

## ANALYSIS

No party has objected to the dismissal of Plaintiff's claims under the NMHRA or the

New Mexico bullying prevention code, and the time for doing so has passed.  Accordingly, the

PF&RD will be adopted with respect to those claims, and those claims shall be dismissed.

With respect to the Title VII claim, Plaintiff argues his "employment was alleged and

implicit under Title VII."  [Doc. 114] at 1.  In support, he points to paragraph 8 of his amended

complaint, *id.*, and attaches a graduate assistantship contract and a pay stub, *id.* at 4–6.

Examining the amended complaint, the Court finds no explicit mention of Plaintiff's

---

[1]  In his objections [Doc. 114], Plaintiff also objects to Judge Vidmar's recommendations, made in other PF&RDs, to dismiss Plaintiff's Title III and state tort claims.  Those objections do not relate to the claims at issue in the present PF&RD and are addressed by a separate order.

employment.  Paragraph 8 merely states that "Plaintiff filed complaints with the US Department of Education Office of Civil Rights (OCR), NM Human Rights Commission, Equal Employment Opportunity Commission, Governor of New Mexico and State of New Mexico Higher Learning Commission."  Allegations that one has filed a complaint with the EEOC are insufficient to allege employment.  That is particularly the case where a plaintiff alleges filing complaints with multiple governmental entities.  Accordingly, Judge Vidmar was correct in determining that Plaintiff had not alleged a Title VII claim in his amended complaint.

Additionally, the Court notes that none of the evidence attached to the objections documenting an employment relationship was presented to the magistrate judge.  Plaintiff is advised that the Court is not required to consider evidence not presented to the magistrate judge. *See Gonzales v. Qwest Commc'ns Corp., 160 F. App'x 688, 690* (10th Cir. 2005) (unpublished) (holding that a district court did not abuse its discretion by refusing to accept evidence not presented to the magistrate judge).  Plaintiff is strongly cautioned that failure to present arguments or evidence to the magistrate judge may result in their waiver.  *See Garfinkle*, 261 F.3d at 1031.

While Plaintiff's amended complaint failed to properly allege a Title VII claim, the Court determines that dismissal of that claim would not be proper at this time.  "[A] court may dismiss sua sponte when it is patently obvious that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile."  *Hall v. Bellmon*, 935 F.2d 1106, 1109–10 (10th Cir. 1991).  Plaintiff has attached evidence clarifying that he intended to allege a Title VII claim and documenting the existence of an employment relationship.

Accordingly, allowing Plaintiff an opportunity to amend his complaint may not be futile. Therefore, Plaintiff may file a supplement to his amended complaint, **no longer than two pages**, alleging sufficient factual allegations to state a Title VII claim.  Plaintiff may not amend or supplement any other claims.

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** that Plaintiff's objections regarding his Title VII claim [Doc. 114] are **SUSTAINED**, and the Magistrate Judge's Proposed Findings and Recommended Disposition to Dismiss Plaintiff's Claims Under the New Mexico Human Rights Act, New Mexico Bullying Prevention Code, and Title VII [Doc. 112] are **REJECTED in part** with respect to Plaintiff's Title VII claim.  Plaintiff shall be granted an opportunity to file a supplement to his amended complaint, **no longer than two pages**, alleging sufficient factual allegations to state a Title VII claim.  Plaintiff shall file any supplement before April 25, 2014.

**IT IS FURTHER ORDERED** that the Magistrate Judge's Proposed Findings and Recommended Disposition to Dismiss Plaintiff's Claims Under the New Mexico Human Rights Act, New Mexico Bullying Prevention Code, and Title VII [Doc. 112] are **ADOPTED in part** with respect to Plaintiff's claims under the NMHRA and the New Mexico bullying prevention code.  Plaintiff's claim under the NMHRA is hereby **DISMISSED without prejudice** for lack of

subject matter jurisdiction, and his claim under the New Mexico bullying prevention code is

**DISMISSED with prejudice** for failure to state a claim.[2]

      **IT IS SO ORDERED.**

_____
**MARTHA VÁZQUEZ**
**UNITED STATES DISTRICT JUDGE**

---

[2] Upon resolution of the PF&RDs [Docs. 107–112] filed by the magistrate judge on February 25, 2014, Plaintiff's surviving claims are:

    1. Violation of Title VI against all Defendants.
    2. First Amendment retaliation under § 1983 against the individual Defendants (for injunctive relief only).
    3. Equal protection under § 1983 against the individual Defendants (for injunctive relief only).
    4. Violation of § 1981 against all Defendants.
    5. Violation of § 1985 against all Defendants.

Plaintiff may also file a supplement to his amended complaint—no longer than two pages—asserting sufficient factual allegations to state a Title VII claim, by no later than April 11, 2014.