IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**LINDSAY O'BRIEN QUARRIE,**

    **Plaintiff,**

v.                                                                                                   No. 13-cv-0349 MV/SMV

**NEW MEXICO INST. OF MINING & TECH.,**
**BHASKAR MAJUMDAR, LORIE LIEBROCK,**
**KENNETH (KEN) MINSCHWANER,**
**SCOTT TEARE, DANIEL LOPEZ, and**
**PETER GERITY,**

    **Defendants.**

## ORDER ADOPTING MAGISTRATE JUDGE'S
## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION
## TO DISMISS PLAINTIFF'S FIFTH AMENDMENT CLAIM

      THIS MATTER is before the Court on United States Magistrate Judge Stephan M. Vidmar's Proposed Findings and Recommended Disposition to Dismiss Plaintiff's Fifth Amendment Claim [Doc. 109] ("PF&RD"), filed on February 25, 2014. In the PF&RD, Judge Vidmar recommended that the Court grant Defendants' Motion to Dismiss Claim Under the Civil Rights Act . . . [Doc. 55] and dismiss Plaintiff's Fifth Amendment claim because he had failed to allege either a violation of his due process rights or his right against self-incrimination. [Doc. 109] at 2–3. Plaintiff, proceeding pro se, filed his objections on March 13, 2014. [Doc. 115]. On de novo review, the Court will overrule Plaintiff's objections, adopt the PF&RD, and grant Defendants' motion to dismiss Plaintiff's Fifth Amendment claim.

## LEGAL STANDARD

A district judge must "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which is objection is made." 28 U.S.C. § 636(b)(1). "[O]bjections to the magistrate judge's report must be both timely and specific to preserve an issue for de novo review by the district court[.]" *United States v. 212 E. 30th St.*, 73 F.3d 1057, 1060 (10th Cir. 1996). However, theories or arguments raised for the first time in objections to a magistrate judge's report are deemed waived. *United States v. Garfinkle*, 261 F.3d 1030, 1031 (10th Cir. 2001).

## ANALYSIS

In the PF&RD, Judge Vidmar found that Plaintiff failed to state a self-incrimination claim because he had not alleged that criminal proceedings were instituted against him and because he conceded at oral argument that no such proceedings ever occurred. [Doc. 109] at 2. In his objections, Plaintiff argues that "[c]riminal proceedings were initiated against Plaintiff (D-725-CV-2012-50) seeking a permanent injunction barring Plaintiff from [the] New Mexico Institute of Mining and Technology . . . ." [Doc. 115] at 1.

While the Fifth Amendment privilege "can be asserted in any proceeding, civil or criminal, administrative or judicial, investigatory or adjudicatory, . . . it protects [only] against any disclosures which the witness reasonably believes could be used in a criminal prosecution or could lead to other evidence that might be so used." *Kastigar v. United States*, 406 U.S. 441, 445-45 (1972). Accordingly, "this privilege against self-incrimination is limited to and can be invoked by a person who shall be compelled in any criminal case to be a witness against

2

*himself.*" *United States v. Schmidt*, 816 F.2d 1477, 1481 n.3 (10th Cir. 1987) (quotation omitted; emphasis in original).

Here, the Court takes judicial notice that the proceedings Plaintiff references are civil in nature, not criminal.  *See* Fed. R. Evid. 201(c)(1)&(d) (allowing a court to sua sponte take judicial notice of facts not subject to reasonable dispute at any stage of the proceedings).  There is no evidence that anything that Plaintiff might have said in the course of those civil proceedings could be used in a criminal prosecution, or could lead to other evidence that might be so used.  Because Plaintiff has failed to establish a reasonable fear that he might be compelled in any criminal case to be a witness against himself, he has no right to invoke the Fifth Amendment privilege against self-incrimination.  His Fifth Amendment claim thus fails.

The basis of Plaintiff's due process claim is more difficult to ascertain.  In the objections, Plaintiff argues that:

> [D]efendant[s] ended [the] mediation agreement using [the] refusal of Plaintiff to accept [a] permanent injunction against himself, in violation of Plaintiff['s] Fifth Amendment rights thereby harming Plaintiff.
> In other words [P]laintiff was again denied his earned diploma and his opportunity to reenroll in his graduate program for the purposes of awarding his earned diploma, after completing all items agreed to in the mediation.

[Doc. 115] at 2.  Plaintiff's amended complaint provides only slightly more elucidation: "[w]hen [P]laintiff refused to accept a permanent injunction against himself, [D]efendant retaliated and purposely [sic] ended the mediation . . . ." [Doc. 8] at 36.  From the allegations in his amended complaint, the heart of Plaintiff's claim appears to be that his rights were violated when Defendants tried to pressure him into accepting a permanent injunction banning him from campus, and after Plaintiff refused, Defendants ceased participation in the mediation process.

*See also* [Doc. 116] at 8–10 (email by Plaintiff objecting to Defendant New Mexico Tech's inclusion of a permanent injunction in the final mediation offer).  Plaintiff does not allege that his due process rights were violated in any way not related to the mediation process.

On de novo review, Plaintiff's due process claim fails for several reasons.  First, continued enrollment in a graduate program has not been clearly recognized within the Tenth Circuit as a substantive due process right.  *See Salehpoor v. Shahinpoor*, 358 F.3d 782, 786 (10th Cir. 2004) (collecting cases and assuming, without deciding, that continued enrollment in an educational institution was a protectable interest).  Assuming that *substantive* due process protections apply to Plaintiff's enrollment, any expulsion from campus or subsequent ban would not necessarily violate his *procedural* due process rights.  *See id.* at 787.

In order to state a due process claim, one must allege that he has a protected property interest and that he was deprived of that protected interest without adequate process.  *See Guttman v. Khalsa,* 669 F.3d 1101, 1113–14 (10th Cir. 2012).  Other than setting forth generalized notions of entitlement to due process, Plaintiff's amended complaint does not identify a protected property interest or any specific deficiency in the process Plaintiff was afforded.  Furthermore, Plaintiff has no protected right to require that Defendants participate in the mediation process on terms he finds favorable.  Accordingly, Plaintiff has failed to state a due process claim.

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** that Plaintiff's objections [Doc. 115] are **OVERRULED** and the Magistrate Judge's Proposed Findings and

Recommended Disposition to Dismiss Plaintiff's Fifth Amendment Claim [Doc. 109] are **ADOPTED.**

**IT IS FURTHER ORDERED** that Defendants' Motion to Dismiss Claim Under the Civil Rights Act . . . [Doc. 55] is **GRANTED.** Plaintiff's Fifth Amendment claim is hereby **DISMISSED with prejudice.**[1]

**IT IS SO ORDERED.**

_____
**MARTHA VÁZQUEZ**
**UNITED STATES DISTRICT JUDGE**

---

[1] Upon resolution of the PF&RDs [Docs. 107–112] filed by the magistrate judge on February 25, 2014, Plaintiff's surviving claims are:
　　1. Violation of Title VI against all Defendants.
　　2. First Amendment retaliation under § 1983 against the individual Defendants (for injunctive relief only).
　　3. Equal protection under § 1983 against the individual Defendants (for injunctive relief only).
　　4. Violation of § 1981 against all Defendants.
　　5. Violation of § 1985 against all Defendants.
Plaintiff may also file a supplement to his amended complaint—no longer than two pages—asserting sufficient factual allegations to state a Title VII claim, by no later than April 11, 2014.