**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

**LINDSAY O'BRIEN QUARRIE,**

    **Plaintiff,**

**v.**                                                                                     **No. 13-cv-0349 MV/SMV**

**NEW MEXICO INST. OF MINING & TECH., et al.,**

    **Defendants.**

### ORDER QUASHING NOTICE OF DEPOSITION AND DENYING REQUEST FOR PROTECTIVE ORDER

THIS MATTER is before the Court on Plaintiff's Motion for Protective Order and Motion to Quash Notice of Deposition [Doc. 122] ("Motion"), filed on March 18, 2014. Defendants filed their response on March 26, 2014. [Doc. 124]. No reply was filed, and the time for doing so has passed.

On March 17, 2014, Defendants sent Plaintiff a notice setting his deposition for March 31, 2014. [Doc. 120]; [Doc. 124] at 3. The following day, Plaintiff filed the present motion. Plaintiff asks that the notice of deposition be quashed and seeks a protective order. He argues that he "was never contacted about a deposition or a deposition date." [Doc. 122] at 1. In response, Defendants state that after Plaintiff filed the Motion, they sent him a letter offering to move the deposition to one of five alternate dates. [Doc. 124] at 1. They argue that Plaintiff has not responded to the letter or returned phone calls from counsel for Defendants. *Id.* Defendants

request that the Court order Plaintiff to appear for deposition on another date and seek costs and fees associated with responding to the Motion.[1]  *Id.*

The Court will quash the notice of deposition, even though Plaintiff has not explained why he was unavailable on March 31, 2014.  Under the local rules, "[c]ounsel must confer in good faith regarding scheduling of depositions *before* serving notice of deposition." D.N.M.LR-Civ. 30.1 (emphasis added).  Defendants' response reveals that they did not attempt to confer with Plaintiff regarding the setting of the deposition until after they had already served notice of deposition.  *See* [Doc. 124] at 1.  Accordingly, the Court shall quash the notice of deposition, and Plaintiff shall be excused from appearing at the deposition originally scheduled for March 31, 2014.

However, Plaintiff's request for a protective order shall be denied.  Other than his objection that he was not consulted prior to being noticed, Plaintiff presents no argument why he is not subject to being deposed at a future date.  Defendants are entitled to depose Plaintiff.  *See* Fed. R. Civ. P. 30(a)(1).  Additionally, Rule 26 requires a motion requesting a protective order to "include a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action."  Fed. R. Civ. P. 26(c)(1).  Plaintiff's Motion includes no indication that he has attempted to work with Defendants to select an alternate date for his deposition as he is required to do.  For the foregoing

---

[1] The Court discourages the parties from requesting relief in a response or reply to another filing. If a party desires an order from the Court, a separate motion must be filed on that issue.  *See* Fed. R. Civ. P. 7(b)(1); D.N.M.LR-Civ. 7.1(a).

reasons, Plaintiff's request for a protective order shall be denied.  The parties are advised that they must cooperate in the scheduling of all depositions.

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** that Plaintiff's Motion for Protective Order and Motion to Quash Notice of Deposition [Doc. 122] is hereby **GRANTED in part**.  The notice of deposition is quashed, and Plaintiff is excused from appearing at the deposition scheduled for March 31, 2014.  Plaintiff's request for entry of a protective order is **DENIED**.  Plaintiff shall make himself available to be deposed in accordance with the Federal Rules of Civil Procedure and the local rules of this Court.

**IT IS FURTHER ORDERED** that Defendants' request for costs and fees shall be **DENIED.**  Each party shall bear its own costs with respect to the Motion [Doc. 122].

**IT IS SO ORDERED.**

_____
**STEPHAN M. VIDMAR**
**United States Magistrate Judge**