**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

**LINDSAY O'BRIEN QUARRIE,**

>      **Plaintiff,**

**v.**                                                            **No. 13-cv-0349 MV/SMV**

**NEW MEXICO INST. OF MINING & TECH., et al.,**

>      **Defendants.**

**<u>ORDER DENYING MOTION FOR PROTECTIVE ORDER</u>**

THIS MATTER is before the Court on Plaintiff's [Second] Motion for Protective Order [Doc. 139], filed on May 6, 2014.  Defendants filed their response on May 21, 2014.  [Doc. 144]. No reply was filed, and the time for doing so has passed.  Oral argument was held on July 2, 2014.  [Doc. 148].  The Court, having considered the briefing, oral argument, and relevant law, and being fully advised in the premises, finds that Plaintiff's motion is not well-taken and shall be DENIED.

On April 16, 2014, the Court granted in part Plaintiff's first motion for protective order and quashed Defendants' notice of deposition because Defendants had not contacted Plaintiff prior to serving him with a notice of deposition.  [Doc. 136] at 2.  However, the Court refused to grant Plaintiff a protective order.  Rather, the Court determined that Defendants were entitled to depose Plaintiff and required him to "make himself available to be deposed in accordance with the Federal Rules of Civil Procedure and the local rules of this Court."  *Id.* at 3.  Plaintiff subsequently filed the instant motion, arguing that he has been "subjected to oppressive behavior by Defendants and any proposed deposition is an extension of Defendants['] actions of

oppression . . ." and that he cannot readily be absent from his job out of state.  [Doc. 139] at 1.

Defendants oppose the motion and seek costs and attorney fees.  [Doc. 144] at 2.

In light of the Court's previous order, Plaintiff's objections to being deposed are frivolous.  A plaintiff is normally required to make himself available for deposition in the district where he chooses to file suit.  *See* 8A CHARLES ALAN WRIGHT, ET AL., FEDERAL PRACTICE AND PROCEDURE § 2112 (3d ed. 1998) ("Since plaintiff has selected the forum, he or she will not be heard to complain about having to appear there for a deposition.").  Plaintiff's asserted difficulty in missing work does not excuse him from being deposed in New Mexico.  Defendants have been trying to set Plaintiff's deposition for more than 100 days.  *See* [Doc. 124] at 3.  It is clear from the record that Plaintiff has refused to cooperate in the scheduling of his deposition, even after being expressly ordered to do so by the Court. *See* [Doc. 136] at 2–3.  If Plaintiff fails to appear for his deposition, he shall face sanctions up to and including dismissal of his case.

Because the motion lacks substantial justification, the Court finds that an award of reasonable expenses pursuant to Fed. R. Civ. P. 26(c)(3) and Fed. R. Civ. P. 37(a)(5)(B) is appropriate.   Accordingly, Plaintiff shall be required to pay Defendants their reasonable expenses, including attorney fees, incurred in opposing the motion.

**IT IS THEREFORE ORDERED** that Plaintiff's [Second] Motion for Protective Order [Doc. 139] is hereby **DENIED.**  Plaintiff shall appear for his deposition at the offices of Defendants' counsel on **July 25, 2014, at 9:00 a.m.**  The deposition shall be limited to 7 hours of questioning, excluding breaks.

**IT IS FURTHER ORDERED** that that Defendants shall file an affidavit detailing the expenses incurred in opposing the motion, including attorney fees, **by no later than July 8, 2014**, for award pursuant to  Fed. R. Civ. P. 37(a)(5)(B).  If Plaintiff finds any basis for objecting to the affidavit, he shall file a response **by no later than July 22, 2014.**

       **IT IS SO ORDERED.**

_____
**STEPHAN M. VIDMAR**
**United States Magistrate Judge**