IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

LINDSAY O'BRIEN QUARRIE,

    Plaintiff,

v.                                                                           No. 13-cv-0349 MV/SMV

NEW MEXICO INST. OF MINING & TECH., et al.,

    Defendants.

## MAGISTRATE JUDGE'S
## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

THIS MATTER is before the Court on Defendants' second notice of non-payment and request for dismissal under Fed. R. Civ. P. 41(b) [Doc. 211], filed on November 3, 2014. Having considered the second notice, Plaintiff's response [Doc. 212], and the entire record, and being otherwise fully advised in the premises, I find that Plaintiff has repeatedly failed to comply with this Court's order to pay certain expenses and further has filed numerous frivolous challenges to the order. I find that such actions have prejudiced Defendants, that such actions have interfered with the judicial process, that Plaintiff is culpable despite multiple warnings that his case may be dismissed, and that lesser sanctions have not been effective. Accordingly, pursuant to Fed. R. Civ. P. 41(b) and the Court's inherent authority, I recommend that the Defendants' request for dismissal be GRANTED and that the case be DISMISSED with prejudice.[1]

---

[1] The Honorable Martha Vázquez, United States District Judge, referred this case to me for analysis and recommendation of ultimate disposition. Order of Reference [Doc. 50].

## Background

Plaintiff initiated this action pro se on April 12, 2013, asserting various claims arising from his termination from a graduate program at the New Mexico Institute of Mining and Technology ("NM Tech").  Essentially, Plaintiff claims that Defendants improperly terminated his course of study and denied him the Ph.D. that he had earned because he is African American.

On March 17, 2014, Defendants served Plaintiff with a deposition notice, [Doc. 120], scheduling his deposition for March 31, 2014.  *See* [Doc. 124] at 3.  Plaintiff responded the following day by filing a Motion for Protective Order and Motion to Quash Notice of Deposition.  [Doc. 122].  On April 16, 2014, after hearing oral argument on the motion, I quashed the notice of deposition because Defendants had not followed the local rules requiring them to attempt to coordinate the scheduling of the deposition with Plaintiff prior to serving him with a notice of deposition.  [Doc. 136] at 2.  However, I denied Plaintiff's request for a protective order and expressly instructed him to cooperate with opposing counsel in the scheduling of his deposition:

> Plaintiff's request for a protective order shall be denied.  Other than his objection that he was not consulted prior to being noticed, Plaintiff presents no argument why he is not subject to being deposed at a future date.  Defendants are entitled to depose Plaintiff.  *See* Fed. R. Civ. P. 30(a)(1).  Additionally, Rule 26 requires a motion requesting a protective order to "include a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action."  Fed. R. Civ. P. 26(c)(1). Plaintiff's Motion includes no indication that he has attempted to work with Defendants to select an alternate date for his deposition as he is required to do. For the foregoing reasons, Plaintiff's request for a protective order shall be denied.  The parties are advised that they must cooperate in the scheduling of all depositions.

*Id.* at 2–3. Defendants subsequently attempted to work with Plaintiff on the scheduling of his deposition. Plaintiff refused to respond to defense counsel's voicemails or emails. *See* [Doc. 144] at 1, 5.

On May 6, 2014, Plaintiff filed a second motion for protective order, [Doc. 139], arguing that he should be excused from being deposed because taking his deposition would be "an extension of Defendants['] actions of oppression" and would interfere with his work schedule. *Id.* at 1. After hearing oral argument on the motion, I found that Plaintiff's second motion was frivolous, especially in light of the previous order expressly requiring him to submit to a deposition. [Doc. 149] at 2. I ordered Plaintiff to appear for his deposition at the offices of Defendants' counsel on July 25, 2014,[2] and found that an award of reasonable expenses to Defendants was required by Fed. R. Civ. P. 37(a)(5)(B). [Doc. 149]. Accordingly, I ordered Defendants to submit an affidavit of expenses and ordered Plaintiff to submit any objections to the amount and reasonableness of expenses no later than July 22, 2014. *Id.*

On July 8, 2014, Defendants submitted an affidavit reflecting $786.45 in expenses. [Doc. 153]. Plaintiff objected to my order denying his motion for protective order and awarding expenses. [Doc. 150, 151]. However, he did not object to the amount or reasonableness of Defendants' requested expenses. The presiding district judge, the Honorable Martha Vázquez, overruled the objections and ordered Plaintiff to appear for a deposition. [Doc. 158]. She found that Plaintiff's second motion for protective order was frivolous and, thus, an award of expenses was *mandated* by Fed. R. Civ. P. 37(a)(5)(B). *Id.* at 6. Ultimately, she found the $786.45 in

---

[2] Apparently, Plaintiff did appear for his deposition as ordered on July 25, 2014, at the office of defense counsel in Albuquerque, New Mexico. [Doc. 160] at 1.

expenses to be reasonable and ordered Plaintiff to pay them within 30 days, which would have been no later than August 27, 2014. *Id.*

After Plaintiff was ordered to pay Defendants' reasonable expenses for filing the frivolous second motion for protective order, Plaintiff moved the Court to reconsider. Judge Vázquez denied the motion. [Doc. 161]. Even after she denied the motion for reconsideration, Plaintiff made several further and frivolous attempts to revisit her order. For example, he filed a second motion for reconsideration (which was denied), [Docs. 164, 165], and "objected" to the order denying the second motion for reconsideration, [Doc. 166]. I find that after Judge Vázquez denied Plaintiff's first motion for reconsideration on July 29, 2014, [Doc. 161], Plaintiff's further challenges to the expenses order were frivolous and dilatory.

On August 26, 2014, one day before the deadline to pay the expenses, Plaintiff filed a notice of appeal to the Tenth Circuit. [Doc. 181]. While the appeal was pending, on September 3, 2014, Defendants filed a notice of non-compliance, indicating that Plaintiff had not paid the $786.45, and requesting dismissal of the action. [Doc. 184]. Thereafter, on September 15, 2014, the Court of Appeals dismissed Plaintiff's appeal. [Doc. 193].

Even after his appeal was dismissed by the Tenth Circuit, Plaintiff attempted to "renew" his objections to the expenses order before this Court and asked at least six more times that it be set aside.[3] [Docs. 198, 202, 205, 206, 208, 210]. For example, Plaintiff filed a motion before

---

[3] Plaintiff filed his Motion Renewing Objections to Order and Requesting More Time to Pay on September 22, 2014, and his reply on October 1, 2014, renewing his objections to the expenses order, asking for an extension of time to pay until October 31, 2014, and asking that the expenses award be set aside. [Docs. 198, 202]. Plaintiff filed his Notice of Change in . . . Employment Status on October 3, 2014, asking that the expenses award be set aside. [Doc. 205]. Then, on October 6, 2014, Plaintiff filed his Motion Requesting Relief due to Change in Plaintiff['s] Employment Status, and his reply on October 8, 2014, asking that the expenses award be set aside. [Docs. 206, 208]. On October 19, 2014, Plaintiff filed his Notice of Verification of Plaintiff['s] Current Student Loan Debt . . . , asking to set aside the award of expenses. [Doc. 210].

this Court on September 24, 2014, renewing his objections to the expenses order and asking for an extension of time until October 31, 2014, to pay the $786.45. [Doc. 198]. However, about ten days later, on October 3, 2014, Plaintiff filed a "notice" that he had been laid off from his job. [Doc. 205]. He indicated that his income was now zero, requested to "renew" his motion to proceed *in forma pauperis*, and asked that the Court "set aside" the $786.45 order. *Id.* Plaintiff repeated these requests in similar filings on October 8 and 19, 2014. [Docs. 208, 210].

Plaintiff's request for an extension of time until October 31, 2014, has not been ruled on and remains pending; nevertheless, the date came and went, but Plaintiff did not pay the $786.45. [Doc. 211]. Accordingly, on November 3, 2014, Defendants filed the instant second notice of non-compliance, again requesting dismissal under Rule 41(b). *Id.* Two days later, on November 5, 2014, Plaintiff responded to Defendants' second notice of non-compliance. [Doc. 212]. Plaintiff insisted that "there was absolutely nothing frivolous about [his] motion[,] and the sanction was unjust and unlawful (as a matter of judicial concern)[.]" *Id.* at 1. Plaintiff indicated that he had paid $50 toward the expenses order on November 4, 2014, but gave no indication that he intended to otherwise comply with the order. *Id.* Instead, he requested the same ultimate relief that he seeks in his complaint. *Id.*

## Discussion

Fed. R. Civ. P. 41(b) authorizes dismissal "[i]f the plaintiff fails to prosecute or comply with [the] rules or a court order." Dismissal is a "drastic sanction that should be employed only as a last resort," *Davis v. Miller*, 571 F.3d 1058, 1061 (10th Cir. 2009), and it is "appropriate only in cases of willful misconduct," *Ehrenhaus v. Reynolds*, 965 F.2d 916, 920 (10th Cir. 1992). In the spirit of liberally construing the submissions of a pro se litigant, *see Cummings v. Evans*,

161 F.3d 610, 613 (10th Cir. 1998), courts should consider whether a sanction less than dismissal may be appropriate "so that the party does not unknowingly lose its right of access to the courts because of a technical violation." *Ehrenhaus*, 965 F.2d at 920 n.3. The Rules notwithstanding, district courts have "the inherent power to dismiss a plaintiff's action for failure . . . to comply with the rules of federal procedure or any order of the court." *Meeker v. Rizley*, 324 F.2d 269, 271 (10th Cir. 1963).

Before dismissing a case, however, a court should consider the factors set forth in *Ehrenhaus*:

> (1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions.

*Ehrenhaus*, 965 F.2d at 921 (internal quotation marks and citations omitted); *see also Ecclesiastes 9:10-11-12, Inc. v. LMC Holding Co.*, 497 F.3d 1135, 1143 (10th Cir. 2004) (applying the *Ehrenhaus* factors to dismissal under Rule 41(b)). "Only when the aggravating factors outweigh the judicial system's strong predisposition to resolve cases on their merits is dismissal an appropriate sanction." *Ehrenhaus*, 965 F.2d at 921 (quoting *Meade v. Grubbs*, 841 F.2d 1512, 1521 n.7 (10th Cir. 1988)).

      1.    <u>Defendants have been and will continue to be prejudiced by Plaintiff's failure to comply with the expenses order and his continued frivolous filings.</u>

I find that Plaintiff's failure to pay the expenses as ordered and his continued frivolous filings have caused, and will continue to cause, Defendants actual prejudice. Plaintiff has still not paid Defendants their reasonable expenses for the frivolous second motion for protective order, and there is little indication that he plans to do so. Instead, Plaintiff continues to challenge

the expenses order as "unlawful and unjust." [Doc. 212] at 1. Unfairly, Defendants have had to expend further resources in responding to Plaintiff's repeated frivolous attempts to revisit the expenses award. [Docs. 199, 207]. Although Plaintiff's actions have not entirely precluded Defendants from proceeding with their case, they have prejudiced Defendants. Plaintiff is not entitled to endlessly revisit the expenses order, and his frivolous attempts to do so have—and will continue to—prejudice Defendants by causing them to expend resources in responding to the frivolous filings.

### 2. Plaintiff's failure to comply with the expenses order and his continued frivolous filings are interfering with the judicial process.

I find that Plaintiff's failure to pay the expenses as ordered and his continued frivolous filings have caused, and will continue to cause, an unacceptable amount of interference with the judicial process. The fact that Plaintiff did not pay the expenses as ordered by August 27, 2014—and still has not paid them—evidences his defiance of the Court's order. Additionally, Plaintiff flouts the authority of the Court when he continues frivolously to attempt to convince the Court to revisit its expenses order. Finally, Plaintiff's actions impede the judicial process by requiring the Court's resources to be expended on addressing his never-ending, groundless attempts to revisit the expenses order.

### 3. Plaintiff alone is culpable.

I find that Plaintiff alone is completely culpable for his failure to pay the expenses as ordered and for his continued frivolous filings. After Judge Vázquez denied Plaintiff's first motion for reconsideration on July 29, 2014, [Doc. 161], Plaintiff's further challenges to the expenses order were frivolous and dilatory and evidence his willful disregard of her order.

The only potentially mitigating issue is Plaintiff's alleged poverty. On October 3, 2014, Plaintiff filed a "notice" with the Court, indicating that he had been laid-off from his job, that he no longer had any income, and "renewing" his motion to proceed *in forma pauperis*. [Doc. 205]. Essentially, Plaintiff asked the Court to "set aside" the expenses order because he lost his job and, presumably, could not pay. *Id.* The problem with Plaintiff's argument is three-fold.

First, Plaintiff did not indicate that he had lost his job until more than nine weeks after he was ordered to pay the expenses. At the time that Judge Vázquez entered the order, on July 28, 2014, the only evidence of record regarding Plaintiff's income was that he was earning $8,000 per month, not including his wife's income. *See* [Doc. 105]. Accordingly, I find that at the time the expenses order was entered, and importantly when the deadline to pay the expenses passed on August 27, 2014, Plaintiff was able to pay.

Second, I am not persuaded that Plaintiff is currently unable to pay the expenses. Plaintiff argues that he cannot pay the expenses because he has been laid off, and he argues that his "prospects for future employment" are "harm[ed]" because his transcript from NM Tech still reflects that he was "terminated from graduate program." [Doc. 205] at 1 (emphasis omitted). I am not convinced—and indeed Plaintiff does not represent—that he is unable to find any work at all. Even though Plaintiff reports that he has been laid off from one job, I see no reason that he cannot find other work and no reason why he cannot pay the expenses. Additionally, Plaintiff is married and, thus, likely has a community property interest in his wife's income. There is no evidence that he cannot pay the expenses from his portion of his wife's income.

Third, even if Plaintiff were truly indigent and truly unable to pay the expenses—which I do not find—his *current* poverty would be irrelevant. Plaintiff's alleged poverty in October does

8

nothing to excuse his failure to have paid the expenses by August 27, 2014, when they were due. In other words, Plaintiff's alleged current poverty does nothing to mitigate his culpability for failing to obey the expenses order in August.

I find that Plaintiff's claim of poverty and inability to pay rings hollow. Plaintiff does not ask for relief from the order merely because of poverty; rather he insists that he is entitled to endlessly litigate its merits. Besides, claims of poverty now do nothing to explain or excuse his failure to pay the expenses as ordered in August. Accordingly, I find that Plaintiff is completely and solely culpable for his failure to obey Judge Vázquez's order and for his continued, meritless attempts to challenge the order.

### 4. Plaintiff was expressly warned that his case could be dismissed if he failed to pay the expenses as ordered.

Plaintiff was explicitly admonished no fewer than three times that his case may be dismissed if he failed to timely pay the $786.45. [Doc. 158] at 9; [Doc. 161] at 4; [Doc. 165] at 1. Nevertheless, he has failed to obey the order.

### 5. Lesser sanctions have not been effective.

I find that further sanctions less than dismissal would not be effective in this case. Plaintiff has still not paid the expenses as ordered, does not indicate that he intends to pay them, and instead, insists that he is entitled to endlessly repeat and rehash his complaints about the expenses order itself.

Under the circumstances here, the aggravating factors outweigh the Court's strong predisposition to resolve the case on its merits, and dismissal is warranted.

**IT IS THEREFORE RESPECTFULLY RECOMMENDED** that Defendants' request for dismissal as a sanction [Doc. 211] be **GRANTED** and that this action be **DISMISSED with prejudice** pursuant to Federal Rule of Civil Procedure 41(b) and the Court's inherent authority.

> **THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN FOURTEEN DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition, they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). **A party must file any written objections with the Clerk of the District Court within the 14-day period if that party wants to have appellate review of the proposed findings and recommended disposition.  If no objections are filed, no appellate review will be allowed.**

_____
**STEPHAN M. VIDMAR**
**United States Magistrate Judge**